26737. DOWNS *v.* WEAVER, administratrix.

DECIDED JULY 15, 1938.

*C. W. Foy,* for plaintiff in error.
*Dudley Taunton, Gilbert C. Robinson,* contra.

STEPHENS, P. J.  ■  The plaintiff's right to dispossess the defendant occupant of the land is not dependent upon any contractual relationship establishing the relationship of landlord and tenant between them, but is dependent upon whether by operation of law, upon the happening of certain events alleged and claimed by the plaintiff, the relation of landlord and tenant exists. In order to establish the relationship between the plaintiff's intestate and the defendant as that of landlord and tenant, it is necessary that the plaintiff establish in her intestate title to the property coming out of the owner of the land in whose right the defendant occupies the land. The plaintiff claims title in her intestate by virtue of his having acquired the property by a deed made to him by one who, it is alleged, was attorney in fact, with a power to sell the land, derived from the owner in a deed to secure debt, containing a power to the grantee, the grantee's "agents or legal representatives or assigns," to sell the property on the grantor's default in compliance with certain covenants and obligations contained in the deed. The burden is upon the plaintiff to establish title in her intestate as against the owner under whom the defendant claims right of possession. The situation is not that of a tenant disputing the landlord's title, which is not permissible. It is that of the defendant denying that the plaintiff is her landlord, because it does not appear that the plaintiff's intestate had title to the property which would, by operation of law, establish the relationship between the plaintiff and the defendant as that of landlord and tenant.

If the deed under which the plaintiff claims was not made by one who was the donee of the power to sell, derived from the grantor in the deed to secure debt, the plaintiff's intestate acquired no title to the property coming out of the grantor of the deed to secure debt. The security deed which was executed by D. L. Downs, under whom the defendant claims the right of possession, as the grantor to Farmers & Merchants Bank, "its successors and assigns," as the grantee, conferred power of sale, upon the grantor's default, in the grantee, its "agents or legal representatives or assigns." In order to establish title in the plaintiff's intestate by virtue of the deed executed by G. A. Weaver as attorney in fact of the grantor in the deed to secure debt, under whom the defendant claims possession, it must be shown that G. A. Weaver

derived from the grantor in the security deed power, as attorney in fact, to sell the property. Whatever power of sale G. A. Weaver possessed appears to have been conferred upon him by a transfer from the Thomaston Banking Company, describing itself as "successor" to Farmers & Merchants Bank of Thomaston. There appears no transfer to Thomaston Banking Company of any right title or interest whatsoever of the Farmers & Merchants Bank of Thomaston, the grantee in the deed to secure debt and the donee of the power of sale; of the grantee's right, title, and interest in the property, or of its power to sell the property. The execution by the Thomaston Banking Company of the transfer of the property to G. A. Weaver, in which the Thomaston Banking Company describes itself as the "successor" to Farmers & Merchants Bank, is insufficient to establish and to show any transfer to it of any right, title, or interest in the property, or the power to sell the property, vested in Farmers & Merchants Bank. The mere fact that the bank is the successor to another bank does not establish any right, title, or interest in the successor bank, of all the rights, titles, and interests of the other bank. It therefore does not appear that the Thomaston Banking Company transferred any right, title, and interest of the Farmers & Merchants Bank, or this bank's power to sell the property, to G. A. Weaver. *Sammons* v. *Nabers,* 184 *Ga.* 269 (191 S. E. 124). Therefore it does not appear that G. A. Weaver had any right whatsoever, as attorney in fact, derived by virtue of the power of sale in the deed to secure debt, to sell the property and pass title thereto. The evidence therefore is insufficient to establish any title in the property in the plaintiff's intestate, and to show any right in the plaintiff to dispossess the defendant as tenant at sufferance, or otherwise, of the plaintiff's intestate, or of the plaintiff as administratrix of his estate. In *Ryals* v. *Atlantic Life Ins. Co.,* 53 *Ga. App.* 469 (186 S. E. 197), where the plaintiff sought to dispossess the occupant of land as a tenant at sufferance, it appeared that the plaintiff had title to the land by virtue of the deed made pursuant to the power of sale in a deed to secure debt. It was in that case held that the deed made pursuant to the power of sale could not be attacked as void on account of any improper exercise of the power of sale, or because the loan had not matured at the time of the sale. That decision does not hold that the plaintiff could prevail when he fails to show

any title whatsoever in the premises from which he seeks to dispossess the defendant. Nor is this held in any other case cited in the *Ryals* decision, or by the defendant in error.

■ The only requirement in the deed to secure debt, respecting the publication of an advertisement of the sale of the property pursuant to the power of sale, is that the sale be advertised in any newspaper published in Taylor County. If it is essential to the validity of a deed to the property, made by the donee of the power to the purchaser at the sale which had been advertised according to the terms of the deed to secure debt, that the conditions described in the deed to secure debt as prerequisites to the validity of a sale made under the power be recited in the deed from the donee of the power of sale to the purchaser at the sale, a recital in this deed of the conditions of the sale contained in the deed to secure debt as a prerequisite to a valid sale under the power, and a recital that these conditions had been complied with, and that the sale had been advertised in the manner required in the deed to secure debt, to wit, in a newspaper published in Taylor County, would be sufficient. It is not essential to the validity of the deed that it recite any particular newspaper in the county as that in which the sale had been advertised. Therefore a recital in the deed made by the donee of the power of sale to the purchaser at the sale, that the sale had been advertised under the terms and conditions as prescribed in the deed to secure debt by an advertisement of the sale in a newspaper denominated the Butler Herald, a newspaper published in Taylor County, when in fact such sale had not been advertised in this newspaper, but had been advertised in the Reynolds New Era, a newspaper published in Taylor County, would not invalidate the deed executed by the donee as a deed passing title to the land. It was not error for the court to admit in evidence the fact that the sale of the land, held pursuant to the power of sale contained in the deed to secure debt, was published in the Reynolds New Era, a newspaper published in Taylor County, on the ground that the plaintiff was estopped from denying the recitals in the deed that the publication was in the Butler Herald.

The evidence was insufficient to authorize a verdict for the plaintiff. The court,erred in so directing, and in overruling the defendant's motion for new trial.

*Judgment reversed.  Sutton and Felton, JJ., concur.*