## 39020.  HAROLD v. MODERN HOMES CONSTRUCTION COMPANY.

DECIDED SEPTEMBER 22, 1961.

*J. Laddie Boatright,* for plaintiff in error.
*Robert L. Cork, Horace Campbell,* contra.

NICHOLS, Judge.  Both the plaintiff and the defendant contended that their title was derived from W. M. Denton.  The evidence disclosed the following facts without contradiction.  On July 22, 1958, W. M. Denton made a deed conveying a vacant lot, the property in dispute, to Ollie Brackins, Jr., that the defendant's wife paid the consideration for such deed, and after such deed was signed it was delivered to a bank who held the

same until the balance of the purchase price was paid, that on July 26, 1958, the warranty deed was recorded by the Clerk of the Superior Court of Ware County (the land was located in Coffee County), that on August 9, 1958, Ollie Brackins, Jr., executed a deed to secure debt on such property to the plaintiff which was recorded on August 11, 1958, that on September 20, 1958, such deed to secure debt was assigned to Commercial Trust Co. of Atlanta, Ga., that on July 14, 1959, the defendant obtained a quitclaim deed from W. M. Denton conveying the property in dispute, and on August 5, 1959, the plaintiff, as attorney in fact for Brackins, executed a deed to itself under the authority purportedly derived from the deed to secure debt, that on August 18, 1959, the deed to secure debt was re-purchased by the plaintiff from the assignee of such loan deed (Commercial Trust Co. of Atlanta, Ga.), and that on July 29, 1960, the plaintiff made affidavit in connection with the dispossessory warrant which formed the original pleadings in the present case.

"1. 'Under the provisions of Section 5385 of the Civil Code (1910), [61-301] in order to maintain a proceeding to evict a person in possession of land, the relation of landlord and tenant must exist between the parties.' *Edwards v. Blackshear*, 24 Ga. App. 622 (101 SE 585), and cit. 2. 'Where all right, title and interest of an owner of land has been divested by a sale made pursuant to a power of sale given by him in a deed to the land to secure a debt, and he thereafter remains in possession, he is a tenant at sufferance of the purchaser, and, as such, may be summarily dispossessed, as provided in Section 5385 of the Civil Code of 1910.' *Anderson v. Watkins*, 42 Ga. App. 319 (156 SE 43). 3. Under the amended affidavit of the plaintiffs and the counter-affidavit of the defendant, the title to the disputed premises was necessarily, though only incidentally, involved in this proceeding." *Radcliffe v. Jones*, 46 Ga. App. 33 (166 SE 450).

In *Downs v. Weaver*, 58 Ga. App. 259 (1) (198 SE 292), it was held: "One who seeks to dispossess a person as tenant of premises, on the ground that the relation of landlord and tenant arose by virtue of title to the property acquired by the plaintiff at a sale of the property had under a power of sale in a deed to secure debt, made by the defendant or one under whom

the defendant claims right of possession, must show title derived from the grantor in the security deed." In the present case the evidence disclosed, without contradiction, that the security deed foreclosed by the plaintiff was assigned to the Commercial Trust Co. of Atlanta, Ga., before the foreclosure proceedings were begun and the only evidence of any reassignment of such security deed to the plaintiff occurred fourteen days after the purported sale of such property by the plaintiff to itself prima facie under the authority granted to the grantee by the grantor under the terms of the security deed. No actual re-assignment was introduced in evidence. Accordingly, the plaintiff failed to show any title to the property derived from the grantor in the security deed nor did it otherwise show the existence of a landlord and tenant relationship between itself and the defendant which is a prerequisite to a recovery in a dispossessory proceeding, whereas here the defendant, by counter-affidavit denied that he was the plaintiff's tenant. The verdict for the plaintiff was not authorized by the evidence and the judgment of the trial court overruling the defendant's motion for a judgment non obstante veredicto in accordance with his motion for a directed verdict must be reversed with direction that a judgment in accordance with such motion be rendered. The assignments of error in connection with the overruling of the alternative motion for a new trial are of necessity nugatory.

*Judgment reversed with direction. Carlisle, P. J., and Eberhardt, J., concur.*