### 49329. MOUNTAIN HARDWOODS & PINE, INC. v. COOSA RIVER SAWMILL COMPANY.

STOLZ, Judge.

1. In proceedings under Code Ann. Ch. 61-3 against tenants holding over, the tenant, in order to remain in possession of the premises, is required to pay rent into the registry of the court *at the time he files his answer* pending the final outcome of the litigation (Code § 61-303, as amended by Ga. L. 1971, pp. 536, 537), where the issue of the right of possession cannot be finally determined within one month from the date of the original affidavit (Code § 61-304, as amended by Ga. L. 1970, pp. 968, 970), and until the issue has been finally determined when the tenant appeals from an adverse judgment (Code § 61-306, as amended by Ga. L. 1970, pp. 968, 971).

2. Under Code Ann. §§ 61-303 and 61-304, prior to their amendment substituting the payment into the registry of the court of the amount of the rent for the tender of bond with good security, this court held that a counter-affidavit being defective because it was not accompanied by the requisite bond, prevented the counter-affidavit from presenting any issue, and left no case before the court to be tried. *Realty Management, Inc. v. Keith,* 114 Ga. App. 317 (2) (151 SE2d 189). We can see no material or practical distinctions between the conditions precedent of a tender of a bond with good security for the filing of a valid counter-affidavit and the payment of rent for the filing of a valid answer — the purpose of both being the sole statutory means by which the tenant can resist the dispossessory warrant. *Realty Management,* supra, (1) and cit.

3. The record in this case shows that the appellant tenant failed to comply with the above-mentioned

statutory condition precedent of paying the rent into the registry of the court "at the time of his [its] answer." Code Ann. § 61-303, supra. Therefore, its answer was defective, hence presented no issue or case to be tried, including the appellant's counterclaim filed with its defective answer. This being true, the trial judge's order—allowing the defendant tenant to remain in possession of the real and personal property described in the affidavit for the warrant pending the final outcome, provided it shall pay certain specified rent into the registry of the court and to the transferor of a realty lease— was an unauthorized and ineffective attempt retroactively to breathe life into the lifeless, defective pleading.

Accordingly, the affidavit for the dispossessory warrant being in effect unopposed, the plaintiff is entitled to an unqualified warrant, and the trial judge erred in issuing the above-mentioned order. The order is therefore reversed and the case is remanded to the trial court with direction to issue a dispossessory warrant in favor of the plaintiff.

*Judgment reversed with direction. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED MAY 8, 1974 — DECIDED JUNE 14, 1974 — REHEARING DENIED JUNE 26, 1974 —

*Wright, Walther & Morgan, Robert G. Walther,* for appellant.

*Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.,* for appellee.