### 50597. CLOUD v. GROVES.

EVANS, Judge.

This is a dispossessory proceeding. Edward Groves, Jr., by affidavit, contends Marvin Cloud is a tenant at sufferance, holding over, has failed to pay rent at the rate of $255 per month, has refused to deliver possession to affiant, and he seeks a writ of possession as owner of the property.

Defendant Cloud answered and denied jurisdiction of the court, denied that he was holding over, denied that he was a tenant, and denied that he owed any rent. Defendant contended he was in truth the owner of the property having gone into possession under a claim of right, by virtue of a contract of purchase, and that plaintiff has no right of possession. Defendant further contended that the $255 per month was a monthly mortgage payment. He filed a cross complaint and a counterclaim for damages.

Plaintiff moved to strike the various answers of the defendant as being insufficient and moved the court to issue its writ of possession instanter because defendant had failed to pay rent into court, citing *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 132 Ga. App. 224 (207 SE2d 643); and *McBride v. Distinctive Food &c. Corp.,* 133 Ga. App. 424 (211 SE2d 28), in a brief attached to his motions.

After a hearing, some of plaintiff's motions were abandoned, but the court granted the writ of possession. Defendant appeals. *Held:*

1. *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 132 Ga. App. 224 (207 SE2d 643), has been vacated and set aside by reason of a reversal of this court by the Supreme Court in *Mountain Hardwoods & Pine, Inc., v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712), in which case the Supreme Court holds that no bond

or payment of rent need accompany the defendant's answer, although the alleged tenant may be required to pay rent into the registry of the court by order of the court, as provided for in Code Ann. § 61-304 (Ga. L. 1970, pp. 968, 970).

2. The Civil Court of Fulton County is without jurisdiction to grant affirmative equitable relief where same is sought in an affirmative defense filed by defendant. See *Empire Shoe Co. v. Regal Shoe Shops,* 123 Ga. App. 796, 798 (1) (182 SE2d 796).

3. Under the issues as made by the pleadings, the lower court erred in granting the writ of possession.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 29, 1975 — DECIDED JUNE 9, 1975.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellant.
*Robinson, Smith & Barge, Theodore E. Smith,* for appellee.