## 53695, 53696. POWERS et al. v. SIMMERSON; and vice versa.

McMURRAY, Judge.

Plaintiff Simmerson instigated a dispossessory proceeding against the defendants for nonpayment of rent. The summons required an answer seven days after service with the last possible date to answer on November 30, 1976. On December 3, 1976, defendants requested that they be allowed to answer, having a good and sufficient legal defense to the action (as a matter of right under Code Ann. § 61-303; Ga. L. 1976, pp. 1372, 1377), and the court allowed the motion setting the matter down for a hearing on December 7, 1976, with the right of defendants to file written answer at any time before said hearing or appear and give oral testimony at said hearing. However, defendants answered on the 3rd of December, 1976, setting forth that the defendants did not owe plaintiff any rent inasmuch as renovation and repairs were necessary to make the property tenantable, but before these renovations could be done the plaintiff suffered a heart attack and was confined to the hospital and the repairs and renovations were paid for in the amount of $529.08 by defendants and the plaintiff agreed to reimburse same; and, that the rent for September, October and November has been credited against this indebtedness, leaving a balance due to defendants in the amount of $229.08 as of December 1, 1976. On December 15, 1976, the defendants paid into the registry of the court the sum of $150 "for the

period November 17, 1976 through December 31, 1976." On December 27, 1976, an order was issued by the trial court granting immediate possession, the plaintiff having moved for said order under Code Ann. §§ 61-303, supra, and 61-304 (Ga. L. 1970, pp. 968, 970), for immediate delivery of the possession of the leased premises to plaintiff as the tenants at the time of their answer had not paid rent into the registry of the court pursuant to Code Ann. § 61-304, supra.

In Case No. 53695 the defendants appeal from this order, and the notice of appeal is dated and filed December 27, 1976.

Thereafter, the court issued an order that the plaintiff having moved for a default judgment during oral argument on the "4th day of January, 1977, nunc pro tunc as of the 31st day of December, 1976," the same was denied as the court was of the opinion that the notice of appeal filed on December 27, 1976, served as a supersedeas, and the court had no jurisdiction to modify the prior judgment while it was on appeal. In Case No. 53696 plaintiff appeals. *Held:*

1. At the time of filing the proceeding plaintiff contended the rent was $100 per month due for the month of September, 1976, due on September 1, 1976; $100 for the month of October due October 1, 1976; past due and unpaid in the amount of $200, plus a pro rata part of $100 due and payable on November 1, 1976, depending upon the number of days in November until they vacated the apartment and surrendered possession to the plaintiff. The answer of the defendants was that no rent was due, the defendants having entered an agreement with the plaintiff to repair and renovate the property and the rent for September, October and November in the amount of $100 per month credited against the indebtedness left a balance due to defendants in the amount of $229.08 as of December 1, 1976. Thereafter, on December 15, 1976, an additional sum of $150 was paid into the registry of the court. The answer of the defendants disputes the issue created by the petition that any amount of rent is due, although the court, upon the request of one of the parties, shall require the tenant to pay rent into the registry of the trial court in the event the issue of writ of possession

cannot be finally determined within one month from the date of the original affidavit. See *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712); *Cloud v. Groves,* 135 Ga. App. 50 (1) (217 SE2d 381). Since the question of the amount of rent due at the time of filing of the proceeding was in dispute the lower court erred in issuing the writ of possession on December 27, 1976, instead of making a determination as to rental payments as required by Code Ann. § 61-304, supra.

2. Notice of appeal in Case No. 53695 having been filed on December 27, 1976, the lower court did not err in refusing to award a default judgment thereafter on the 4th day of January, 1977, nunc pro tunc as of December 31, 1976. See *Jackson v. Martin,* 225 Ga. 170 (2-b) (167 SE2d 135); *Park v. Minton,* 229 Ga. 765, 766 (3, 4) (194 SE2d 465).

*Judgment reversed in Case No. 53695 and affirmed in Case No. 53696. Bell, C. J., and Smith, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED MAY 19, 1977.

*Eva L. Sloan,* for appellants.
*Dickens, Mangum & Burns, G. Lee Dickens, Jr., Joel D. Burns,* for appellee.