56514. CRYMES et al. v. CRYMES.

BANKE, Judge.

The appellants, Marion Clayton Crymes and Crymes Enterprises, Inc., appeal the judgment of the trial court granting the appellee, Frances Marian Heard Crymes, an immediate writ of possession.

1. "Appellee's motion to dismiss this appeal is denied as the writ of possession constituted a final judgment." *Golden Key Restaurant & Lounge v. Key Management Corp.,* 137 Ga. App. 251 (1) (223 SE2d 284) (1976).

2. The appellants were served with summons to appear at a hearing before the superior court judge on March 22, 1978, and to submit at that time answers to the appellee's affidavit. The appellants appeared, submitted their answers, and a hearing was held.

The trial judge was not authorized to enter a final judgment on the merits based on the evidence adduced at this hearing. Rather, as provided in Code § 61-303, the appellants were entitled to have the case placed upon a trial calendar in the same manner as any other civil case. The determination to be made at the hearing was the amount of money the appellant needed to pay into the registry of court pending trial of the case on the merits. See Code § 61-303: "If the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record . . . The

defendant shall be allowed to remain in possession of the premises pending the final outcome of the litigation: Provided, however, that the tenant at the time of his answer pays rent into the registry of the court pursuant to section 61-304." See also *Cloud v. Groves,* 135 Ga. App. 50 (217 SE2d 381) (1975); *Powers v. Simmerson,* 142 Ga. App. 335 (1) (235 SE2d 769) (1977).

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED DECEMBER 1, 1978.

*Peters & Thompson, James E. Thompson,* for appellants.

*Cheeley & Chandler, Joseph E. Cheeley,* for appellee.