## 65621. BINGHAM, LTD. v. TOOL TECHNOLOGY, INC.

QUILLIAN, Presiding Judge.
Plaintiff-appellee Tool Technology, Inc. (hereafter TT) brought suit against defendant-appellant Bingham, Ltd. to recover $10,850 owing on a purchase order for a stamping die delivered to Bingham, which Bingham had refused to pay. Bingham answered admitting ordering the die, but denied that the die, and a series of other dies previously ordered, complied with the agreement of the parties and set forth several affirmative defenses and a counterclaim. The trial court granted TT's motion to strike one of Bingham's affirmative defenses and the counterclaim apparently on the ground that Bingham's counsel did not appear at the motion hearing and also on the merits of the motion. Thereafter the trial court denied Bingham's motion to vacate the order striking its defense and counterclaim and entered final judgment for TT on the counterclaim under OCGA § 9-11-54 (b) (Code Ann. § 81A-154 (b)), from which this

appeal is taken. *Held:*

1. Pretermitting whether the trial court erred in granting the motion to strike the counterclaim on the ground that Bingham did not appear at the hearing thereon, we find that the trial court erred in granting the motion on its merits and reverse.

The counterclaim alleged that Bingham had ordered a number of dies from TT, expressly and impliedly warranted as to delivery time and proper functioning, and that TT breached the warranties in both respects resulting in damage to Bingham in the amount of $27,000.

Bingham's fourth affirmative defense alleged that it had the right to refuse payment of TT's claim for the last die because of the non-conformity of the other dies it had purchased from TT and was entitled, under the Uniform Commercial Code, to deduct these damages from what TT was claiming.

TT's motion to strike was made under OCGA § 9-11-12 (f) (Code Ann. § 81A-112 (f)) which provides: "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Apparently adopting TT's argument that the counterclaim was redundant in view of the fourth defense, the trial court struck the counterclaim.

The counterclaim was compulsory under OCGA § 9-11-13 (a) (Code Ann. § 81A-113 (a)) as it arose out of the same transaction which was the subject matter of TT's claim.

OCGA § 9-11-12 (b) (Code Ann. § 81A-112), supra, provides that "[e]very defense ... to a claim for relief in any pleading, whether a claim, counterclaim ..., shall be asserted in the responsive pleading ... ."

OCGA § 9-11-8 (e) (Code Ann. § 81A-108 (e)) states that a party may set forth two or more statements of a claim or defense alternatively and may state as many separate claims or defenses as he has, regardless of consistency.

"All pleadings shall be so construed as to do substantial justice." OCGA § 9-11-8 (f) (Code Ann. § 81A-108).

"Motions to strike alleged redundant, immaterial or impertinent or scandalous matter are not favored. Matter in pleadings will not be stricken unless it is clear that it can have no possible bearing upon the subject matter of the litigation, and if there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Northwestern &c. Ins. Co. v. McGivern,* 132 Ga. App. 297 (3), 302 (208 SE2d 258).

Applying the foregoing authorities we conclude that the trial court erred in striking Bingham's compulsory counterclaim.

TT asserts that the trial court's ruling should be upheld as it would sanction double recovery of contract damages, citing *Intl. Computer Group v. Data Gen. Corp.,* 159 Ga. App. 169 (4) (283 SE2d 12). We distinguish that case which involved denial of summary judgment on a counterclaim also pleaded as a defense and not a motion to strike. The instant case does not involve a judgment and we are confident that the trial court, if it comes to the issue of recovery for Bingham, will recognize that the counterclaim and the affirmative defense are alternative statements of the same issue and will not permit double recovery.

2. The trial court did not err in striking Bingham's fifth affirmative defense, which alleged that because TT had wilfully failed to pay Georgia intangible tax (OCGA § 48-6-20 et seq. (Code Ann. § 91A-3101 et seq.)) its cause of action was barred under what is now OCGA § 48-6-32 (Code Ann. § 91A-3111).

The record shows that TT is a nonresident of Georgia as it is an alleged Connecticut corporation with its place of business in that state, where its accounts receivable are presumably located.

OCGA § 48-6-25 (Code Ann. § 91A-3106) provides: "Every . . . nonresident person is subject to the (Intangible) tax . . . on as much of his property . . . as has been acquired in the conduct of . . . business carried on or property located *in this state.*"

There is nothing in the record to show that anything other than TT's $10,850 account with Bingham was acquired in TT's conduct of business in Georgia. The amount of intangible tax on that amount would be $1.10. OCGA § 48-6-23 (a) (1) (Code Ann. § 91A-3103).

Since OCGA § 48-6-27 (e) (2) (Code Ann. § 91A-3108) provides that no intangible tax return need be filed or tax paid if the amount due is less than $5.00, and there is nothing indicating that TT was liable for any other intangible tax in Georgia, the trial court properly struck the defense as insufficient.

*Judgment reversed in part; affirmed in part. Sognier and Pope, JJ., concur.*

DECIDED APRIL 6, 1983.

*Joseph H. King, Jr.,* for appellant.
*Gwenn Dorb Holland, David N. Schaeffer,* for appellee.