### 66948. BRADSHAW et al. v. JACKSON HILLS APARTMENTS.

CARLEY, Judge.

Appellant tenants resided in an apartment leased from appellee landlord. Appellee gave appellants written notice to vacate the premises, but appellants failed to do so. Thereafter, appellee filed a complaint and affidavit seeking a writ of possession as to the apartment occupied by appellants. The complaint alleged that appellants had failed to pay rent and had failed to comply with the regulations governing the apartment complex. Appellants timely filed a written answer which denied all of the allegations of the complaint, set forth certain claimed defenses, and demanded a jury trial on all issues.

Appellants were served with a summons to appear for a hearing before a judge to answer appellee's affidavit. At that hearing, the trial court heard evidence and entered an order granting a writ of immediate possession to appellees. The order of the court did not address any of the other issues raised by the pleadings, including the question of whether any prior rent was actually owed. Those issues remain pending in the court below. The trial judge entered a certificate of immediate review of the order granting the writ of possession and this court granted appellant's application for interlocutory appeal.

1. Appellants assert that the trial court erred in refusing to place the case on a jury trial calendar and in granting a writ of immediate possession to appellees.

When dispossessory proceedings are commenced, "[i]f the tenant answers [the summons], a trial of the issues shall be had in accordance with the procedure prescribed for civil actions in courts of record . . . The defendant shall be allowed to remain in possession of the premises pending the final outcome of the litigation; provided, however, that, at the time of his answer, the tenant must pay rent into the registry of the court . . ." OCGA § 44-7-53 (c) (Code Ann. § 61-303). In the instant case, appellants answered and paid rent into the registry of the court. Thus, appellants, subject to their payment of such future rent as determined by the court, were entitled to remain

in possession of the apartment pending the ultimate resolution of the case. They were also entitled to a jury trial of all the issues, in accordance with their timely demand therefor. *Crymes v. Crymes,* 148 Ga. App. 299 (251 SE2d 155) (1978).

The trial court erred in granting an immediate writ of possession to appellee at the initial hearing stage of the dispossessory proceedings. The purpose of that hearing was not to decide the substantive issues involved, but rather to determine the amount of money that appellants would have to pay into the registry of the court in order to remain in possession of the premises pending the ultimate resolution of the litigation. *Crymes v. Crymes,* supra; *Powers v. Simmerson,* 142 Ga. App. 335 (235 SE2d 769) (1977). The trial court was not authorized at the initial hearing to adjudicate the merits of the parties' respective claims of right to possession of the property. *Jelks v. World of Realty,* 153 Ga. App. 720 (266 SE2d 357) (1980); *Whipper v. Kirk,* 156 Ga. App. 218 (274 SE2d 662) (1980).

2. The remaining enumeration of error need not be addressed in light of our holding in Division 1 herein. We reverse and remand with direction that a proper initial hearing be conducted to determine the amount of rent appellants must pay into the registry of the court in order to remain in possession of the premises pending the final outcome of the litigation, and that appellants be afforded a jury trial of the remaining issues presented.

*Judgment reversed and case remanded with direction. Deen, P. J., and Banke, J., concur.*

Decided January 5, 1984.

*Darryl R. Vandeford,* for appellants.
*John W. Gibson,* for appellee.