## 66914. JORDAN et al. v. ATLANTA NEIGHBORHOOD HOUSING SERVICES, INC.

POPE, Judge.

Samuel S. Jordan and his wife Gladys contracted with Atlanta Neighborhood Housing Services, Inc. (NHS) to pay off an existing mortgage and to obtain a loan with which to make repairs on their home. The Jordans became delinquent on their payments to NHS and foreclosure was instituted. On September 7, 1982 NHS purchased the Jordans' property at the foreclosure sale. NHS instituted dispossessory proceedings on November 12, 1982 and a writ of possession, from which the Jordans bring this appeal, was granted on December 20, 1982.

1. This action was brought in the State Court of Fulton County. The Jordans' first enumeration of error challenges the jurisdiction of the state court over this case because, they argue, NHS' claim involves title to land. This argument is wholly without merit. *Jordan v. Atlanta Neighborhood Housing Services,* 251 Ga. 37 (302 SE2d 568) (1983), and cits.

2. The Jordans' remaining enumeration cites as error the state court's refusal to join this case with a then-existing, related case in Fulton County Superior Court. The Jordans made this motion as a part of their answer. However, the judgment in this case ordered the answer stricken pursuant to Superior Court Rule 41 (Code Ann. § 24-3341)[1] and a default judgment entered in favor of NHS granting it a writ of possession. "The effect of the [state] court's order striking the answer was to remove the whole defensive pleading." *Gregson v. Webb,* 143 Ga. App. 577, 578 (239 SE2d 230) (1977). A priori, the judgment in this case was entered without consideration by the state court of any issue which might have been raised by the Jordans' answer. See OCGA § 44-7-53 (a) (Code Ann. § 61-303). The Jordans

---

[1] This rule of the superior courts is also applicable to state courts. OCGA § 15-7-1 (now OCGA § 15-7-43 (b) (Code Ann. § 24-2114a), effective July 1, 1983); see *Smith v. Mack,* 161 Ga. App. 95, 96 n. 1 (289 SE2d 299) (1982).

do not challenge the propriety of the state court's action striking their answer, and the record on appeal discloses no error in this regard. Thus, the issues raised by the answer but properly stricken for failure to comply with Rule 41 (Code Ann. § 24-3341), never having been considered by the state court, will not be considered for the first time here. See *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114) (1975).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Michael E. Utley,* for appellants.
*John F. Sweet, Daniel K. Anglin,* for appellee.