### 46907. HILL et al. v. LEVENSON.
(383 SE2d 110)

MARSHALL, Chief Justice.

This is an appeal from the denial of the appellants' petition for writ of prohibition. The appellants sought a jury trial in the Magistrate Court of Fulton County on the issue of possession in a landlord-tenant dispute. The appellee denied the appellants' request. The appellants filed a writ of prohibition against the appellee in the Superior Court of Fulton County. The superior court denied the appellants' writ and issued a certificate of immediate review to this Court.

The appellants contend that the Georgia Constitution mandates trial by jury in dispossessory actions, and that they have been denied their right to trial by jury in the magistrate court. For reasons which follow, we hold that the Georgia Constitution requires the right to trial by jury in dispossessory actions, but the magistrate court did not err in denying the appellants a jury trial.

1. The Georgia Constitution provides for the right of trial by jury in dispossessory actions.

The law in Georgia regarding the right to trial by jury is clear. In civil actions, the right to trial by jury exists only where the right existed prior to the adoption of the first Georgia Constitution. *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734 (8) (285 SE2d 913) (1982); *Bell v. Cronic*, 248 Ga. 457 (1) (283 SE2d 476) (1981); *Strange v. Strange*, 222 Ga. 44 (2) (148 SE2d 494) (1966); *Metropolitan Cas. Ins. Co. &c. v. Huhn*, 165 Ga. 667 (2) (142 SE 121) (1927). The 1983 Georgia Constitution and OCGA § 9-11-38 assure that this right shall remain inviolate.

The Court of Appeals cases are in conflict as to whether the right to trial by jury in dispossessory actions existed prior to the adoption of Georgia's first Constitution. In a recent line of cases, the Court of Appeals held that there is no right to trial by jury in dispossessory actions. *West v. Veterans Administration*, 182 Ga. App. 767 (357 SE2d 121) (1987); *Green v. Carver State Bank*, 178 Ga. App. 798 (344 SE2d 507) (1986); *Taylor v. Carver State Bank*, 177 Ga. App. 856 (341 SE2d 502) (1986). These cases conflict with a previous line of cases recognizing such a right. *Bradshaw v. Jackson Hills Apart-*

*ments*, 169 Ga. App. 447 (313 SE2d 734) (1984); *Whipper v. Kirk*, 156 Ga. App. 218 (274 SE2d 662) (1980); *Jelks v. World of Realty*, 153 Ga. App. 720 (266 SE2d 357) (1980). To resolve this conflict, we hold that the right to a jury trial in dispossessory actions was in existence prior to the adoption of the first Georgia Constitution.[1] Thus, this right remains inviolate. To hold otherwise would not only deny the litigants a constitutional right, but also produce the inequitable result of allowing dispossessory actions initiated in the magistrate court a de novo appeal with jury trial, whereas, actions brought before the state or superior court could be denied the right to a jury trial on the same issue.

2. The magistrate court did not err in denying the appellants a jury trial.

The magistrate court obtained jurisdiction over dispossessory actions by OCGA § 44-7-53. OCGA §§ 15-10-41; 15-10-42 prescribe the procedures of the magistrate court. Section 15-10-41 provides that no jury trials shall be had in the magistrate court and § 15-10-42 provides that proceedings in the magistrate court are not subject to OCGA § 9-11-38.

Further, subsection (b) of § 15-10-41 provides:

> appeals may be had from judgments returned in the magistrate court to the state court of the county or to the superior court of the county and the same provisions now provided for by general law for appeals contained in Article 2 of Chapter 3 of Title 5 shall be applicable to appeals from the magistrate court, the same to be a de novo appeal. . . .

OCGA § 5-3-29 provides that an appeal to the superior court in any case where not otherwise provided by law is a de novo investigation. Thus, the entire record from the lower court, and all competent

---

[1] The right to a jury trial in dispossessory hearings originated with several common-law forms of action. See F. Maitland, *The Forms of Action at Common Law*; at 39 (1936). Later, ejectment became the principal method of determining the title to property and the right to possession, including breach of lease covenants. Id. at 47. See *Little v. Heaton*, 91 Eng. Rep. 227 (QB 1702); *Right d. Flower v. Darby*, 99 Eng. Rep. 1029 (KB 1786). Questions of fact were tried by a jury. See *Doe d. Chaney v. Batten*, 98 Eng. Rep. 1066 (KB 1775); *Goodright d. Charter v. Cordwent*, 101 Eng. Rep. 520 (KB 1795).

By 1731, the proceedings for ejectment were codified. Schley, *A Digest of English Statutes of Force in the State of Georgia*, at 357 (Philadelphia 1826), citing 4 George 2 A.D. The common law of England and statutes in force at the time became Georgia law by the Act of 1784. Act of Feb. 1784 (Vol. I 404); Oliver Prince, *Digest of Georgia Laws*, 570 (2d. ed. Athens, 1837). Thus, fourteen years before the enactment of Georgia's Constitution, the 1731 procedures for repossession of property and the right to a jury trial were Georgia law. Also, the United States Supreme Court has held that "every action recognized in 1791 for the recovery of possession of property carried with it the right to jury trial." *Pernell v. Southall Realty*, 416 U. S. 363 (94 SC 1723, 40 LE2d 198) (1974).

evidence, whether adduced on a former trial or not, shall be considered. The right to jury trial on appeal is expressly given in OCGA § 5-3-30, which states, "[a]ll appeals to the superior court or state court shall be tried by a jury. . . ." Therefore, the appellants are not being denied a jury trial, but instead, only endure a procedural delay in the magistrate court before receiving a jury trial on appeal to the state or superior court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1989.

*Alvin L. Kendall,* for appellants.
*Alfred J. Turk III, Franklin N. Biggins,* for appellee.