A91A0338, A91A0339. THOMAS et al. v. WELLS FARGO CREDIT CORPORATION (two cases).

(409 SE2d 71)

McMURRAY, Presiding Judge.

Wells Fargo Credit Corporation (plaintiff) filed a dispossessory warrant against Barry K. Thomas and Sylvia B. Thomas (defendants) in the State Court of DeKalb County and alleged that it is the owner of a house in Lithonia, Georgia (premises) and that defendants are tenants at sufferance. Defendants filed a pro se answer and denied that they are tenants at sufferance and alleged that they own the premises because plaintiff fraudulently induced them to give up interest in the premises through the execution of a promissory note that was not supported by consideration. (Defendants admit in a document entitled, "AFFIDAVIT AND NOTICE OF RESCISSION OF CONTRACT FOR FRAUD, USURY, AND BREACH OF CONTRACT," that they borrowed $38,500 against the premises and that the transaction is evidenced by "a certain Deed to Secure Debt in the amount of Thirty-eight thousand five hundred and no/100 Dollars ($38,500.00). . . .") Defendants demanded a jury trial and asserted that the State Court of DeKalb County has no authority to consider

this matter because disputes "involving *title to land* [are] the exclusive jurisdiction of Superior Court."

Plaintiff filed a motion to strike defendants' answer and moved for a judgment on the pleadings. Plaintiff also filed certified copies of financial statements from the United States Bankruptcy Court, wherein defendants admitted that the premises were encumbered as a result of a $38,000 debt to plaintiff. The trial court struck defendants' answer and granted plaintiff a judgment on the pleadings, ordering an immediate writ of possession. Defendants filed a "NOTICE OF APPEAL" and an appeal was subsequently docketed in this Court in Case No. A91A0338. The trial court ordered defendants to pay rent into the registry of the trial court pursuant to OCGA § 44-7-56 and defendants filed an appeal from this order. The appeal was docketed in this Court in Case No. A91A0339. Defendants filed a joint enumeration of errors and brief in support of Case Nos. A91A0338 and A91A0339. *Held*:

1. Plaintiff seeks dismissal of Case Nos. A91A0338 and A91A0339 on the grounds that the trial court issued an immediate writ of possession after defendants failed to pay rent into the registry of the trial court in accordance with the trial court's OCGA § 44-7-56 order. This contention is without merit. See *Hyman v. Leathers*, 168 Ga. App. 112, 113 (1) (308 SE2d 388).

### Case No. A91A0338

2. Defendants contend in their first and sixth enumerations that the State Court of DeKalb County had no authority to consider the case sub judice and that the case should have been transferred to the superior court because it involved a dispute over title to the premises. These contentions are without merit. *Jordan v. Atlanta Neighborhood Housing Svcs.*, 169 Ga. App. 600 (1) (313 SE2d 787).

"Claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under Code Ann. § 61-301, 303 [now OCGA §§ 44-7-50 and 44-7-53]. *Ryals v. Atlantic Life Ins. Co.*, 53 Ga. App. 469 (2) (186 SE 197)." *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 115 (2) (274 SE2d 34). Defendants' claim that they own the premises is relevant only to the extent that it challenges the allegations that plaintiff owns the premises and that defendants are tenants at sufferance, i.e., that plaintiff is a landlord with right of immediate possession. See *Jordan v. Atlanta Neighborhood Housing Svcs.*, 251 Ga. 37, supra, and *Cloud v. Groves*, 135 Ga. App. 50, 51 (2) (217 SE2d 381).

3. Defendants contend in their third and fourth enumerations that the trial court erred in striking their answer and that plaintiff "failed to prove that [it] had ownership."

"The defense of lack of landlord-tenant relationship is a proper defense to a dispossessory action [and] if the defendant so answers, a trial of the issues raised shall be had in a civil court of record. OCGA § 44-7-53; *Lopez v. Dlearo*, 232 Ga. 339 (206 SE2d 454); *Lamb v. Sims*, 153 Ga. App. 556 (265 SE2d 879); see *Rucker v. Fuller*, 247 Ga. 423 (276 SE2d 600)." *Bread of Life Baptist Church v. Price*, 194 Ga. App. 693, 694 (392 SE2d 15). In the case sub judice, defendants answered and denied that a landlord-tenant relationship exists between the parties. Further, there is no evidence or admission that plaintiff is the owner of the premises or that defendants are on the premises without the landlord's consent. Consequently, genuine issues of material fact remain as to plaintiff's allegations that it is the owner of the premises and that defendants are tenants at sufferance. The trial court erred in striking defendants' answer, granting a judgment on the pleadings and entering an immediate writ of possession. See OCGA § 9-11-12 (c) and (f). Defendants are entitled to a trial of the issues in accordance with procedure prescribed for civil actions in courts of record. See *Crymes v. Crymes*, 148 Ga. App. 299 (2) (251 SE2d 155).

4. In their fifth enumeration, defendants contend they are entitled to a jury trial. We agree. "The Georgia Constitution provides for the right of trial by jury in dispossessory actions." *Hill v. Levenson*, 259 Ga. 395 (1) (383 SE2d 110).

### Case No. A91A0339

5. In their second enumeration, defendants contend the trial court erred in ordering them to pay rent into the registry of the trial court.

"If the judgment of the trial court is against the tenant and the tenant appeals this judgment, the tenant shall remain in possession of the premises; provided, however, that the tenant shall be required to pay rent into the registry of the trial court . . . until the issue has been finally determined on appeal." OCGA § 44-7-56. In the case sub judice, judgment was obviously entered against defendants and defendants appealed. Consequently, the trial court did not err in requiring defendants to pay rent into the registry of the court as a condition of their remaining on the premises. *Hyman v. Leathers*, 168 Ga. App. 112, 113 (1), supra.

*Judgment reversed in Case No. A91A0338. Judgment affirmed in Case No. A91A0339. Andrews, J., concurs. Sognier, C. J., concurs specially.*

SOGNIER, Chief Judge, concurring specially.

I concur in the result and in Divisions 2, 4, and 5. While I agree

generally with Divisions 1 and 3, I write to offer my rationale for the results obtained in those divisions.

1. In reaching the conclusion that judgment was improperly entered on the merits, thereby agreeing with the result reached in Division 3, I rely on my finding that no proper basis was shown for striking the appellants' pleadings in their entirety. Motions to strike are not favored and should not be granted "if there is any doubt as to whether under any contingency the matter may raise an issue." *Northwestern Mut. Life Ins. Co. v. McGivern*, 132 Ga. App. 297, 302 (3) (208 SE2d 258) (1974). While I can certainly agree with the trial court that appellants' answer contains many extraneous matters, it also contains a germane averment that no landlord-tenant relationship existed between themselves and appellee. This is plainly a relevant matter and, in my opinion, should not have been stricken. See id. Had it not been improperly stricken, I must agree with appellants that an issue of fact would remain for trial whether such a relationship existed, since appellee produced no evidence of the alleged foreclosure proceeding in which it purchased the property to rebut appellants' averments that appellee was not their landlord. See *Harold v. Modern Homes Constr. Co.*, 104 Ga. App. 415, 416-417 (121 SE2d 809) (1961).

2. It is not clear from my reading of the record and briefs in this case that appellee seeks dismissal of the appeal, but it is clear that it does urge this court to find the issue of possession moot by virtue of appellee's physical possession of the premises. I note initially that if that is the case, the record does not so reflect. Chronologically, the last document shown in the record is appellee's application for a writ of possession based on appellants' failure to pay rent into court pending this appeal.

Moreover, even if appellee is correct in its assertion that it is now in physical possession of the premises pursuant to a writ of possession issued because of appellants' failure to meet the requirements of OCGA § 44-7-56, a trial of the issues on the merits must still be had because the writ was issued at the appellee's request and at its peril. *Hyman v. Leathers*, 168 Ga. App. 112, 113 (1) (308 SE2d 388) (1983). Even if tenants have not paid rent into court and consequently have lost possession pending trial, see OCGA § 44-7-54, or pending appeal, see OCGA § 44-7-56, possession of the premises may still be restored to them when the issues are tried or considered on their merits on appeal. That is why the fact that appellee is in physical possession of the premises does not render moot the question of its ultimate legal right to that possession.

DECIDED JULY 5, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 — 

Barry K. Thomas, *pro se.*
*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes,* for appellee.