## A99A0256. GREEN v. BARTON.
(515 SE2d 864)

SMITH, Judge.

We granted Angela Green's application for interlocutory review in this dispossessory action to determine whether the superior court correctly refused to allow Green to remain in possession of the rented premises pending her appeal of the decision of the magistrate court granting possession to Jack Barton, the landlord. We find that the superior court misinterpreted the provisions of OCGA §§ 44-7-53 (b) through 44-7-56, and we reverse.

In 1997, Green rented property from Barton consisting of acreage on which were located two mobile homes. In May 1998, Barton filed a dispossessory action against Green in the Magistrate Court of Hart County, seeking possession of the property. No allegation was made that rent was due, and no rent was demanded. Green was served and filed an answer, and a hearing was held in the magistrate court, which found against Green and issued a writ of possession.

Green filed an appeal to the superior court. Upon filing, she paid all rent due into the registry of the court, and she continued paying the rent into the court's registry each month. A hearing was held in superior court, and at the hearing, Green requested that she be allowed to remain in possession pending a jury trial on the issues.[1] Barton requested possession immediately pending trial on the remaining issues. The trial court took the matter under advisement and subsequently issued three orders.

In an order entered July 24, 1998, the trial court granted possession to Barton instanter. On July 31, 1998, the trial court vacated the order of July 24 and allowed Green "to remain in possession of the premises pending the final outcome of the litigation so long as [she]

---

[1] Georgia law provides for the right of trial by jury in dispossessory actions. See *Hill v. Levenson,* 259 Ga. 395 (1) (383 SE2d 110) (1989).

complies with OCGA § 44-7-54." On August 3, 1998, the trial court vacated its order of July 31, reciting that "[a]fter reconsideration and research of the record," Barton was entitled to possession until the final outcome of the litigation. This ruling apparently was based upon the trial court's finding that because "no motion was made by [Barton] nor was good cause shown as required by" OCGA § 44-7-56, it was not required to allow Green to remain in possession of the premises.

This was error. In the magistrate court action, no rent was demanded. Once the magistrate court ruled against her, Green appealed to the superior court and paid all rent due into the registry of the court, as required by OCGA § 44-7-56. An appeal from magistrate court to superior court is a trial de novo. *Scott v. Aaron*, 221 Ga. App. 254 (471 SE2d 55) (1996). It therefore triggered the provision of OCGA § 44-7-54 requiring payment of rent into court when the issue of the right of possession cannot be determined within two weeks.

The language of OCGA § 44-7-56 does appear to be ambiguous, providing that "the court *may* upon motion of the landlord and upon good cause shown order the tenant to pay into the registry of the court all sums found by the trial court to be due for rent in order to remain in possession of the premises." (Emphasis supplied.) The trial court's ruling is therefore understandable. But "[t]he cardinal rule of statutory construction is to ascertain the legislative intent and purpose in enacting the law and to construe the statute to effectuate that intent. [Cit.]" *Ferguson v. Ferguson*, 267 Ga. 886, 887 (1) (485 SE2d 475) (1997). The interpretation placed upon it by the trial court would put the tenant's right to remain in possession of the premises completely within the control of the landlord. If OCGA § 44-7-56 were interpreted in this manner, a landlord could always deprive a tenant of the right to remain in possession of premises, even if the tenant paid rent into the registry of the court, simply by failing to move the court to require such payment. This could not have been intended by the legislature. We construe the permissive language of the statute to mean that unless the landlord moves the court to require payment of rent into the registry of the court, the tenant could remain in possession *without* such payment, pending appeal.

When the magistrate court ruled against her, Green appealed her decision to the superior court and, without order, paid all rent due into the registry of the superior court. She continued to pay rent into court each month thereafter. She was therefore entitled, under the provisions of OCGA §§ 44-7-54 and 44-7-56, to remain in possession of the premises until the litigation is concluded. See *Bradshaw v. Jackson Hills Apts.*, 169 Ga. App. 447-448 (1) (313 SE2d 734) (1984). The trial court therefore erred in granting possession to Barton at that point in the proceedings.

*Judgment reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED APRIL 8, 1999.

*Thomas M. Strickland*, for appellant.
*Rodger E. Davison*, for appellee.