## 29174. MOUNTAIN HARDWOODS & PINE, INC. v. COOSA RIVER SAWMILL COMPANY.

JORDAN, Justice.

This case is here on certiorari to the Court of Appeals. See *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 132 Ga. App. 224 (207 SE2d 643).

Coosa River Sawmill Company filed its affidavit to obtain a dispossessory warrant for real and personal property described in leases between the parties, alleging that certain rental payments had not been made. Mountain Hardwoods & Pine, Inc., answered, alleging that all real estate lease payments had been made, asserted a counterclaim, and admitted that certain payments on the personal property had not been made due to interference by Coosa.

The trial court held a hearing on the issues made and passed an order allowing Mountain Hardwoods to remain in possession of the real and personal property pending the final outcome of the litigation, provided that Mountain Hardwoods pay into the registry of the court all back rents and future rents as they fall due until final determination of the matter.

This order was certified for immediate review. The Court of Appeals reversed, holding that the defendant's answer to the affidavit was defective because it did not pay the rent into the registry of the court "at the time of [its] answer," citing Code Ann. §§ 61-303 and 61-304 and *Realty Management, Inc. v. Keith,* 114 Ga. App. 317 (2) (151 SE2d 189). The effect of this holding is to require payment of rents alleged to be due into the registry of the court as a condition precedent to filing a valid answer to dispossessory proceedings. For this reason, we granted

certiorari and now reverse.

Code Ann. § 61-303 states as follows: "At or before the time of the hearing the defendant may answer in writing. Also the defendant may answer orally at the time of the hearing. If the answer is oral, the substance thereof shall be indorsed on the dispossessory affidavit. The answer may contain any legal or equitable defense, or counterclaim. If the tenant fails to answer, the court shall issue a writ of possession; and the plaintiff shall be entitled to a verdict and judgment by default for all rents due, in open court or chambers, as if every item and paragraph of the affidavit provided for in section 61-301 were supported by proper evidence without the intervention of a jury.

"If the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record. Every effort shall be made by the trial court to expedite a trial of the issues. The defendant shall be allowed to remain in possession of the premises pending the final outcome of the litigation: Provided, however, that the tenant at the time of his answer pays rent into the registry of the court pursuant to section 61-304."

Under former Code Ann. § 61-303, an answer and counter-affidavit had to be accompanied by a bond; if they were not, there was no issue presented to the court which could be tried. *Realty Management Inc. v. Keith,* supra.

Code Ann. § 61-303 was amended in 1970 and 1971 (Ga. L. 1970, p. 969; Ga. L. 1971, p. 536).

These amendments changed the dispossessory proceedings in material respects. Section 61-303 now gives a tenant an unqualified right to answer and counterclaim in all dispossessory proceedings. It is unnecessary that this answer and counterclaim be accompanied by any bond or rent payment. The only mention of such a payment of rents appears in the last sentence of this section, and refers only to the *right of possession* of the premises. Under this proviso a tenant must make such a payment if he desires to remain in possession of the premises pending the final outcome of the litigation, pursuant to the provisions of Code Ann. § 61-304.

The fact that such payment was not made does not render defective the answer and counterclaim so that no issue remains to be tried, leaving the affidavit "unopposed" so as to entitle the plaintiff to an unqualified warrant. The Court of Appeals erred in so holding.

*Judgment reversed. All the Justices concur. Hill, J., not participating.*

SUBMITTED NOVEMBER 12, 1974 — DECIDED JANUARY 7, 1975.

*Wright, Walther & Morgan, Robert L. Walther,* for appellant.

*Wade C. Hoyt, Jr.,* for appellee.

*Kenneth G. Levin, John L. Cromartie, Jr.,* amicus curiae.