## 50170. SEAGRAVES v. MOUNT ZION VILLAGE, INC.

BELL, Chief Judge.

This dispossessory warrant proceeding was based on the defendant's alleged non-payment of rent. The defendant answered denying that plaintiff had made demand for possession and that she had failed to pay the rent when due. She also counterclaimed for damages. The answer and counterclaim when filed on August 15, 1974 was unaccompanied by any rental payment into the registry of the court. On September 20,1974, defendant paid into the registry of the court $230.34. On plaintiff's motion, the trial judge struck the defendant's answer and counterclaim and granted plaintiff a writ of possession because no rent had been paid into the registry of the court at the time the defendant's pleadings were filed. The court further ordered that the rental deposited by the defendant with the court be paid to plaintiff. *Held:*

It was error for the trial judge to strike the answer, counterclaim, and to enter a writ of possession. Code Ann. § 61-303, as amended, gives a tenant an unqualified right to answer and counterclaim in all dispossessory proceedings. The statute as construed by the Supreme Court also states that failure to make a rent payment does not render defective the answer and counterclaim so that no issue remains to be tried. *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712). It further appears from the record in this case that there is no dispute as to the amount of monthly rental and it was, therefore, proper for the court to order the clerk of the court to pay the rental deposited in the registry to

plaintiff pending outcome of the litigation. Code Ann. § 61-304 (d). Accordingly, we reverse that part of the judgment striking the defendant's pleadings and granting the plaintiff a writ of possession; but we affirm that part which orders the payment of the rental deposited into the court to plaintiff.

*Judgment affirmed in part and reversed in part. Webb and Marshall, JJ., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED APRIL 7, 1975 — REHEARING DENIED MAY 8, 1975.

*Wayne Sobel, Kendric E. Smith,* for appellant.
*J. L. Jordan,* for appellee.