## 57057. MARSHALL v. U. S. MANAGEMENT CORPORATION.

McMURRAY, Judge.
This case involves a proceeding against a tenant holding over following demand for possession and refusal as required by Code § 61-301. In addition, the landlord

contended rent in the amount of $265 was due and unpaid. The defendant answered, "I Will Pay Rent However Plaintiff will not Accept." A rule nisi issued for a hearing on the 29th of August, 1978. Later a writ of possession issued immediately on the grounds that the tenant failed to pay into the registry of the court all rents due and owing simultaneously with the filing of his answer but this order was thereafter vacated.

At the hearing on August 29, 1978, defendant was ordered to pay into the registry of the court all rent now owing, $265 for August 1978, and $265 per month payable into the registry of the court no later than the first day of the month effective September 1, 1978. On September 5, 1978, $265 was paid into court. On September 14, 1978, plaintiff again moved for the issuance immediately of a writ of possession.

On September 18, 1978, the case was called for trial; plaintiff announced present and ready, and the defendant or his counsel not being present, judgment was entered for the plaintiff in the amount of $265 for the rent for the month of September, 1978, and for a writ of possession to issue immediately. Defendant was ordered to deliver possession of the premises to plaintiff immediately or before 5 p.m. Tuesday, September 19, 1978.

Whereupon, defendant tenant filed a notice of appeal but failed to pay the accrued cost or to pay into the registry of the court all rents owing and owed at the time of the filing of said notice of appeal. He was then forthwith dispossessed under the writ of possession. *Held:*

1. A tenant may be allowed to remain in possession of the premises pending the final outcome of the litigation provided that at the time of his answer he pays rent into the registry of the court pursuant to Code Ann. § 61-304 (Code Ann. § 61-303; see Ga. L. 1970, pp. 968, 969, 970; 1971, pp. 536, 537; 1976, pp. 1372, 1377). Here no rent was paid into court when defendant answered whereupon the court ordered rent for August, 1978 in the amount of $265 to be paid into the registry of the court as now due and thereafter the like sum of $265 no later than the first day of each month effective September 1, 1978. On September 5, 1978, the sum of $265 was paid into court, albeit somewhat late.

2. Under Code Ann. § 61-303, supra, if the tenant fails to answer or open the default, the court shall issue a writ of possession "and the plaintiff shall be entitled to a verdict and judgment by default for all rents due,. . ." Here, the defendant did answer that he would pay the rent. However, no rent has been paid in accordance with the statute albeit one payment was made on September 5, 1978, due August 29, 1978, and another payment due on September 1, 1978.

3. Under Code Ann. § 61-304 (c), supra, if the tenant fails to make any rental payment when it becomes due pursuant to the order of the court to pay into the registry of the court, "the court shall issue a writ of possession and the landlord shall be placed in full possession of the premises by the sheriff, deputy or constable." The court did not err here in forthwith issuing the writ of possession.

4. As required by Code Ann. § 61-303, supra, every effort shall be made by the trial court to expedite a trial of the issues. Counsel for defendant contends that he received no notice of the hearing in which his answer was stricken and a default judgment issued for writ of possession and the amount of rent due. While the Supreme Court has stated in *Mountain Hardwoods &c., Inc. v. Coosa River Sawmill Co.*, 233 Ga. 414, 416 (211 SE2d 712), (reversing s.c., 132 Ga. App. 224 (207 SE2d 643)), that the fact that payment was not made does not render defective the answer so that no issue remains to be tried, nevertheless the trial court recited in its final order that on no less than Saturday, September 16, 1978, counsel for defendant was reminded by counsel for plaintiff of the trial of this matter to be held on September 18, 1978, the date of the final order. Based on this statement by counsel for plaintiff in open court the trial court did not err in striking the answer of the defendant and awarding judgment to the plaintiff. No evidence has been shown that the defendant did not have notice to appear in court and nothing has been shown to vacate and set aside the final judgment. Compare *McBride v. Distinctive Food &c. Corp.*, 133 Ga. App. 424 (211 SE2d 28); *McKisic v. College Park Housing Authority,* 134 Ga. App. 813 (216 SE2d 369). Nevertheless, as the case now

stands the trial court did not err. in issuing the default judgment.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 22, 1979.

*Melvin Robinson,* for appellant.
*Kutak, Rock & Huie, Terrence Lee Croft, James Booker,* for appellee.