## 59150. JELKS v. WORLD OF REALTY, INC.

BIRDSONG, Judge.

The parties in this case entered into a written lease agreement in August, 1977. In June, 1979, appellee World Realty, Inc. filed a dispossessory warrant against Jelks alleging nonpayment of rent and requesting a judgment in the amount of $435.47 for past due rent. Jelks filed a timely answer denying the allegations thus made, and requesting a jury trial of all issues, and judgment against World Realty. In the following month, July, Jelks voluntarily vacated the premises. Two weeks later, on July 26, World Realty filed a motion, as follows: "For a Writ of Possession . . . [and] that the Defendant's answer be dismissed for the reason that if a Writ of Possession is

granted the various matters . . . in Defendant's answer become moot . . . [and] for a Judgment against the Defendant in the full sum of . . . $435.47 as alleged in the Dispossessory Warrant, plus costs." A hearing on the motion was scheduled and held two weeks later on August 7, 1979. By order of that date, the court below found from the evidence that Jelks was indebted for rent in the sum prayed and "that no rent was paid into the Registry at the time of filing the Tenant's answer [or paid into the court as of August 7]." The court below found further that World Realty's motion was made under Code § 61-304, and that while Jelks' counsel objected to the procedure and to the introduction of evidence without thirty days' notice of hearing, he nonetheless cross examined the landlord's witnesses and argued the case. Judgment was rendered against Jelks in the sum of $440.87 plus costs, which sum was required to be paid into the registry of the court on or before August 10, 1979, or else defendant's answer would be dismissed and judgment entered up for the landlord in that amount. The writ of possession was summarily granted, Jelks having vacated the premises on July 14.

Jelks enumerates as error the entry of a money judgment for World Realty; the order to pay money into the court registry; and the ordered dismissal of Jelks' answer and entry of judgment against her, upon her failure to pay the sum. *Held:*

1. While we deem it redundantly circular to enter judgment for rent due under Code § 61-303, then require payment of the sum into the registry under Code § 61-304, and then decree judgment to enter upon Jelks' failure to so pay, we deal in this enumeration only with the propriety of the judgment in the first instance. The defendant Jelks timely answered the dispossessory proceeding against her, and was therefore entitled to "a trial of the issues . . . in accordance with procedure prescribed for civil actions in courts of record" (Code § 61-303). Whatever the intended purpose of the motion filed by the plaintiff World Realty, the court below was not authorized at that hearing to determine the substantive issues and render judgment on the merits. See *Crymes v. Crymes,* 148 Ga. App. 299 (251 SE2d 155). Jelks appeared at the hearing and reasserted her right to a trial of the issues in accordance with

procedure prescribed for civil actions in courts of record (see generally Code § 81A-140). She had asked for a jury trial, and was entitled to have the case placed on the calendar (Code § 81A-140 (c); *Crymes,* supra), and was entitled to reasonable time for discovery (Code § 81A-140 (a)). She was, perhaps most importantly, entitled to notice that the "motion" filed by the plaintiff World Realty was actually a call to trial on the merits. She did not consent to have the case merits heard on motion of World Realty, nor waive her right to trial in accordance with procedure prescribed for civil actions generally. She did not waive her objection to the proceedings by cross examining the plaintiff's witnesses and arguing the merits of her position; once her objections to the proceedings had been overruled and she could see that a judgment for or against her was imminent, she should not be required to sit silent, take her chances on the judgment, and then take her chances on appeal (see similarly Code § 38-1713; and see *Burger King Corp. v. Garrick,* 149 Ga. App. 186, 188 (253 SE2d 852)). That portion of the court order granting judgment to World Realty against Jelks at the motion hearing was error.

2. As to enumeration 2, it was not error to require Jelks to pay the alleged rent into the registry of the court. Code § 61-304 provides that the tenant shall be required to pay rent into court; the requirement was a proper matter for determination at the hearing, following Jelks' timely answer to the dispossessory proceeding. (See Code § 61-303.)

3. It was error to order the dismissal of Jelks' answer and the entry of judgment against Jelks in the event she failed to pay the rent into the registry by the date ordered. Failure to pay the rent as required will result in *dispossession of the tenant* pending final outcome of the litigation; the requirement of rent payments into the court registry, in Code § 61-303, is mentioned only in connection with the tenant's right of continued possession pending the litigation. *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414, 415 (211 SE2d 712). See also, Code § 61-304 (c). It was held in *Mountain Hardwoods,* supra, that under Code § 61-303 as amended in 1970 and 1971, the fact that the rent payment is not

made into the court registry does not render defective the answer so that no issue remains to be tried. In other words, the tenant today has "an unqualified right to answer and counterclaim in all dispossessory proceedings [and it is] unnecessary that this answer and counterclaim be accompanied by any bond or rent payment" (*Mountain Hardwoods,* supra, p. 415). If failure to make the rent payment does not render the answer defective or dispel the issues, even less so should such failure result in judgment against the defendant and deprive her of her "unqualified right" (*Mountain Hardwoods,* supra) to litigate the obligation. Nothing in Code §§ 61-303 or 61-304 provides for, or is consistent with, the entry of a money judgment against the defendant upon her failure to pay rent into the registry of the court; and nothing contrary to what we hold here is held in *Marshall v. U. S. Management,* 149 Ga. App. 141, 143 (253 SE2d 818).

*Judgment reversed in part and affirmed in part. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED MARCH 5, 1980.

*Paul E. Kauffman,* for appellant.
*Edward Murrah, Jr.,* for appellee.