### 60880. JOHNSON v. GWINNETT COUNTY BANK.

QUILLIAN, Presiding Judge.

Plaintiff (appellee here) filed a two-count complaint, civil action 13074, seeking recovery of rent owed on certain premises in count 1 and possession of the premises in Count 2. Defendant filed responsive pleadings alleging improper service and sought damages of the plaintiff by counterclaim.

Plaintiff amended its complaint 13074 striking count 2. Plaintiff then filed an application for writ of possession, civil action 13150, alleging that the defendant was a tenant at will or sufferance; that plaintiff desired possession of the premises; that demand had been made to vacate and that defendant refused to deliver possession of premises to plaintiff.

Defendant filed a response to the affidavit for writ of possession and incorporated therein its counterclaim to the original action, 13074. Defendant also filed a motion to dismiss.

After a hearing the trial judge denied defendant's motion to dismiss and directed the issuance of a writ of possession against the defendant. The issues as to prior rent and the defendant's counterclaim were not disposed of and remain pending in the lower court. The defendant appeals from the order denying his motion and granting possession to the plaintiff. *Held:*

1. The defendant's appeal is premature since the judgment was not final and there was no attempt to comply with the procedure for interlocutory appeal as presented in Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; as amended through 1979, pp. 619, 620).

We are not unmindful of the decisions in *King v. King,* 137 Ga. App. 251 (1) (223 SE2d 752) and *Crymes v. Crymes,* 148 Ga. App. 299 (1) (251 SE2d 155) where it was held that the writ of possession

constituted a final judgment. There the action was concluded and nothing remained pending in the court below.

2. Since issues remain to be disposed of in the case sub judice, we point out that as held in *Crymes v. Crymes,* supra, a trial judge is not authorized to enter a final judgment on the merits at the initial hearing. Accord, *Jelks v. World of Realty,* 153 Ga. App. 720 (1) (266 SE2d 357). The procedure in Code § 61-304 should be followed and only if the tenant fails to comply may possession be granted to the landlord and then only pending final judgment.

*Appeal dismissed. Shulman and Carley, JJ., concur.*

Argued October 7, 1980 — Decided November 25, 1980.

*Nancy S. Holland,* for appellant.
*James E. Howard,* for appellee.