70692. VINTAGE ENTERPRISES, INC. v. POWERS et al.
(334 SE2d 383)

CARLEY, Judge.

In this dispossessory action, the individual appellees were granted an immediate writ of possession as to certain premises occupied by appellant. The order granting the writ of possession expressly stated that "[a]ll questions relating to damages suffered by [appellees] as a result of [appellant's] refusal to vacate are hereby reserved for further determination. . . ." Appellant filed an application for an interlocutory appeal from the order of the trial court, which application was denied. The instant direct appeal was also filed.

It appears from the record that appellees' claim for damages relating to the dispute over possession of the premises remains pending. The order from which appeal was taken adjudicates less than all claims, and it does not provide for the entry of final judgment pursuant to OCGA § 9-11-54 (b). Under such circumstances, the writ of possession does not constitute a final judgment. See *Givens v. Gray,* 124 Ga. App. 152 (183 SE2d 29) (1971). Accordingly, appellant's direct appeal must be dismissed as premature. *Grantham v. Nelson,* 160 Ga. App. 68 (286 SE2d 59) (1981); *Johnson v. Gwinnett County Bank,* 156 Ga. App. 597 (275 SE2d 157) (1980); *Givens v. Gray,* supra.

*Appeal dismissed. Birdsong, P. J., and Sognier, J., concur.*

*John H. Maclean,* for appellant.
*Ronald C. Crawford,* for appellees.