28708. LOPEZ v. DLEARO.

ARGUED MARCH 11, 1974 — DECIDED MAY 21, 1974 — REHEARING DENIED JUNE 12, 1974.

*Thomas Hylmon Wall, III,* for appellant.
*Walter E. Baker, Jr.,* for appellee.

GRICE, Chief Justice.

This appeal is from a judgment of affirmance by the Superior Court of Houston County, reviewing by certiorari the judgment of a justice of the peace in a dispossessory warrant case under Code § 61-301 et seq.

Pete Dlearo made an affidavit before a justice of the peace that Joe Lopez, doing business as Pepe's Restaurant, was in possession as a tenant at will of described premises; that rent became due on the first of the month and was not paid; and that the tenant failed to vacate the premises after notice. Possession of the premises was demanded. The justice of the peace heard evidence from both sides, and ordered Lopez to vacate the premises.

In the petition of Lopez for certiorari to the Superior Court of Houston County he asserted that this judgment was erroneous because justice courts do not have jurisdiction of dispossessory warrant proceedings; that Code § 61-301 is unconstitutional in attempting to confer jurisdiction upon justices of the peace in dispossessory warrant cases in violation of the Constitution, Art. VI, Sec. VII, Par. II (Code Ann. § 2-4202); and because the judgment was without evidence to support it.

The justice of the peace filed an answer to the petition for certiorari.

The Judge of the Superior Court of Houston County entered an order sustaining a motion of Dlearo to dismiss the traverse by Lopez to the answer of the justice of the peace. On consideration of the certiorari, the superior court judge affirmed the judgment of the justice of the peace. This order and judgment of the Judge of the Superior Court of Houston County are enumerated as error on the appeal to this court.

In 1970 (Ga. L. 1970, pp. 968-972) the General Assembly amended Chapter 61-3 of the Code, relating to proceedings against tenants holding over, by striking Code §§ 61-302—61-306 in their entirety, and substituting new sections designated by the same numbers, providing

new procedures. Chapter 61-3 was again amended in 1971 (Ga. L. 1971, pp. 536-537).

Code § 61-301 was left in its original form by both amendments. It provided that in all cases where a tenant is holding possession of lands or tenements beyond the term for which they were rented or leased to him, or fails to pay rent when due, and in all cases where lands or tenements are occupied by a tenant at will or sufferance, and the owner desires possession, the owner may demand possession of the property, and if the tenant does not deliver possession, the owner may make oath of this fact before the judge of the superior court or any justice of the peace.

Prior to the 1970 amendment, Code §§ 61-302 and 61-303 provided for the issuance of a warrant to summarily remove the tenant unless he arrested the proceeding by filing counter-affidavit and bond. Former Code § 61-304 provided that where the counter-affidavit and bond were filed with the proper officer, the tenant would not be removed, and the officer should "return the proceedings to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a jury."

The amended Code §§ 61-302, 61-303, and 61-304 are not as explicit as the former sections in designating the court in which the contested issue of right of possession shall be tried.

Code § 61-302, as amended, states that when the affidavit provided for in § 61-301 is made, the judge of the superior court or justice of the peace before whom it was made shall issue a summons to the sheriff, his deputy, or a constable of the county where the land lies, commanding the tenant to appear at a hearing on a date not less than five nor more than twenty days from the date of service on the tenant.

Code § 61-303, as amended, allows the tenant to answer at or before the time of the hearing, and if the tenant fails to answer, the court shall issue a writ of possession. If the tenant answers, "a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record . . . The defendant shall be allowed to remain in possession of the premises

pending the final outcome of the litigation: Provided, however, that the tenant at the time of his answer pays rent into the registry of the court pursuant to section 61-304."

Code § 61-304, as amended, provides for the payment of rent into the registry of the trial court. Subsection (d) states that the court shall order "the clerk of the court" to pay to the landlord the sums paid into the registry of the court as they are made.

There is no "clerk of the court" in justice courts, and hence it is obvious that it was the intention of the General Assembly that where an affidavit is made before a justice of the peace, and the tenant contests the dispossessory proceeding, the trial of the issue shall be in a court of record, and the justice of the peace shall transfer the proceedings to such court.

Since Code § 61-301 merely provides for the making of an affidavit before the justice of the peace in dispossessory proceedings, and any contested issue is transferred to a court of record for trial, there can be no conflict between Code § 61-301 and the Constitution, Art. VI, Sec. VII, Par. II (Code Ann. § 2-4202), limiting the jurisdiction of justice courts in civil cases.

In the present case the justice of the peace had no jurisdiction to hear the contested dispossessory warrant proceedings, and the Judge of the Superior Court of Houston County erred in affirming on certiorari the judgment of the justice of the peace.

Direction is given that the superior court judge enter a judgment requiring the contested dispossessory warrant proceeding pending in the justice court to be transmitted to a court of record for trial.

*Judgment reversed with direction. All the Justices concur.*