### 33137. HILL v. HILL.

NICHOLS, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals in *Hill v. Hill,* 143 Ga. App. 549 (239 SE2d 154) (1977). The judgment of the Court of Appeals is reversed.

The tenant was served with a dispossessory warrant. He appeared in person before the trial court on the date set by the summons. He was without legal counsel. The trial court held that he had not answered the warrant either in writing or orally. Without endorsing anything on the warrant, the court proceeded to hold a hearing after which a writ of possession was issued to the landlord. The landlord was not present but was represented by counsel.

The Court of Appeals affirmed, holding that although the tenant did not answer either orally or in

whether *Thomas v. U. S. Cas. Co.,* 218 Ga. 493, supra, remained in effect after the 1963 amendment.

writing, he was not in default because he was personally present in court.

The tenant *was* in default because he failed to answer either orally or in writing either at or before the date for answer set in the summons. Code Ann. §§ 61-302 (b) and 61-303. His personal appearance before the court was not an "answer" within the meaning of those sections nor did it waive his right to open the default in accordance with Code Ann. § 61-303. Accordingly, he was entitled to open the default *"as a matter of right* by making an answer within seven days of the date of the default notwithstanding the provisions of section 81A-155 of the Georgia Civil Practice Act." (Emphasis supplied.) Code Ann. § 61-303.

The "answer" referred to in Code Ann. § 61-303 as being sufficient to open the default may be oral or in writing since Code Ann. §§ 61-302 (b) and 61-303 must be construed together.

The purpose of the General Assembly in enacting Code Ann §§ 61-302 (b) and 61-303 was to give tenants who are unrepresented by counsel and who are unschooled in the law an opportunity to state their defenses orally to the court as best they can and to have the substance of their defenses endorsed on the dispossessory warrant, thereby making a record upon which the case may proceed in the trial and appellate courts. To effectuate this intent, the trial court is required to endorse, or to have endorsed in his behalf by court personnel subject to his supervision, the response or responses of the tenant making an oral answer whether or not those responses constitute legal defenses to the warrant. The tenant thereby has an answer on the record which later could be amended.

The landlord need not even be present in court "on the date of the tenant's response," Code Ann. § 61-302 (b), because trial of any issues is to be had, or proceedings after default are to occur, at a later date in accordance with Code Ann. § 61-303.

If the tenant does not answer orally or in writing in accordance with Code Ann. § 61-302 (b) then fails to open the default in accordance with Code Ann. § 61-303, the court "shall issue a writ of possession" and otherwise shall

proceed in accordance with Code Ann. § 61-303. On the other hand, if the tenant answers either orally or in writing in accordance with Code Ann. § 61-302 (b) or opens the default by answering under Code Ann. § 61-303, "a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record." Code Ann. § 61-303.

The procedure adopted by the trial court and sanctioned by the Court of Appeals had the effect of depriving the tenant of the rights the General Assembly provided for him and, accordingly, the judgment of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED MARCH 13, 1978 — DECIDED APRIL 18, 1978.

*Alexander, Vann & Lilly, Thomas K. Vann, Jr.,* for appellant.

*Johnson & Morse, J. Jack Morse,* for appellee.

*Kenneth G. Levin, Steven Gottlieb,* amicus curiae.