## 56358. LAMB v. HOUSING AUTHORITY OF VIDALIA.

SMITH, Judge.

"Under Code Chapter 61-3 a justice of the peace has no jurisdiction to try the issues in a contested dispossessory warrant proceeding." *Lopez v. Dlearo,* 232 Ga. 339 (206 SE2d 454)(1974). The question presented here is whether an unsigned answer was sufficient to convert this dispossessory warrant proceeding into a contested one. We find it sufficient. Therefore, the superior court erred in holding that the dispossessory warrant issued by the justice of the peace was valid.

On October 27, 1977, the Housing Authority of Vidalia, appellee, commenced dispossessory proceedings against Lamb, appellant, pursuant to the provisions of Code Ch. 61-3. Summons was issued and was served personally on the appellant that same day. A hearing was scheduled for November 4, 1977, but it was thereafter continued to November 10, 1977, at 10 a.m. At the hearing, no one appeared on behalf of the appellant, and at about 11 a.m. the justice of the peace issued a default judgment. Later that same day, the justice of the peace received in the mail a document headed "Motion to

Dismiss, Request for Transfer and Answer." This document contained a signature line, below which was typed a name, address, and phone number for an individual identified on the document as attorney for the appellant. Also, defense counsel spoke with the justice of the peace by telephone on that same afternoon. Nevertheless, the justice of the peace refused to transfer the case to a court of record, and on November 18, 1977, a writ of possession was filed and executed and the appellant was put out of possession.

The following day the appellant obtained a temporary restraining order against the appellee. Following a hearing on the order, the superior court dissolved it, concluding that the appellant had gone into default in the dispossessory proceeding and had failed properly to open the default. This appeal contests the validity of that conclusion.[1]

1. The default judgment entered on November 10, 1977, was premature and therefore void. Code § 61-302 (b) now provides that a dispossessory summons "shall command and require the tenant to answer either orally or in writing within seven days from the date of actual service . . ." And Code § 61-303 provides, "If the tenant fails to answer at or before the date provided in section 61-302(b), the tenant may reopen the default as a matter of right by making an answer within seven days after the date of default. . ." Under these sections, the appellant could not have gone into default until the end of the day on November 3, 1977, and she would then have had until the close of the day November 10, 1977, to reopen that default as a matter of right. A default judgment entered during the middle of the day November 10, 1977, was thus premature, and would not operate to prevent an answer

---

[1] The appellee has presented argument on why, as a matter of equity law, the temporary restraining order was invalid and therefore was properly dissolved. Because of the equity aspect, we transferred this case to the Supreme Court, but the Supreme Court transferred the case back to us. The transfer to us, as we view it, is preemptive of any arguments based on equity law.

later that day from opening the default.

2. Code § 61-302 (b), quoted above, allows an answer to be either oral or written. The appellee contends the attempted answer here was ineffective because, though in writing, it was unsigned. We find no such requirement in the statute. The statute is quite liberal in its allowance for an oral answer. We construe this liberality to mean that a tenant's attempt to contest the dispossessory proceedings is not to be ignored, or dismissed, because of a failure to meet the formalities required for other judicial proceedings, but not expressly required for this proceeding. (The legislative intent to protect tenants who seek to exercise their rights is highlighted in *Hill v. Hill,* 241 Ga. 218 (244 SE2d 862) (1978)). We conclude that the appellant's unsigned answer was sufficient to create a contested dispossessory proceeding and thus to open the default.

3. The appellee's contention that the answer was ineffective because it was not accompanied by a payment of rent into the registry of the court is likewise erroneous. Code § 61-303 does require that, for a tenant to remain in possession of the premises pending the outcome of litigation, the tenant must pay "rent into the registry of the court pursuant to section 61-304." Code § 61-304 in turn provides that rent payments into the registry are mandatory "[i]n any case where the issue of right of possession cannot be fully determined within one month from the date of the original affidavit." The answer here came on November 10, 1977, less than one month after the date of the landlord's affidavit, October 27, 1977. No rent payment was yet required; hence, the failure to make a payment did not diminish the appellant's claim in any respect.

4. Because the default was properly opened and the dispossessory action became contested, the justice of the peace lost jurisdiction over the action and was required to transfer the case to a court of record. *Lopez v. Dlearo,* 232 Ga. 339, supra. It follows that the writ of possession was ineffective, and the superior court erred in concluding to the contrary.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 29, 1978 — DECIDED JULY 14, 1978.

Robert L. Goldstucker, Philip L. Merkel, Elisabeth Youngerman, for appellant.

Calhoun & Bryant, Malcolm F. Bryant, Jr., Sarah M. Tipton, for appellee.