## 55696. WALL v. T. J. B. SERVICES, INC.

SMITH, Judge.

This case originated on June 8, 1976, with the appellee's filing of a dispossessory warrant with the justice of the peace, the warrant alleging that appellant was holding over on appellee's premises and that he owed past due rent of $270. On June 14 appellant answered contesting the merits and alleging that the justice of peace court lacked subject matter jurisdiction to try the issues, as the rent sued for was in excess of $200. See Art. VI, Sec. VII, Par. II of the Constitution of the State of Georgia (Code Ann. § 2-3602). In accordance with *Lopez v. Dlearo,* 232 Ga. 339 (206 SE2d 454) (1974), the justice of the peace

transferred the case to a court of record, the Houston County Superior Court. On August 30, 1976, the superior court ordered appellant to pay $1,060 into the court's registry, that amount having been the rent due as of that date under the applicable lease. On that date the court also ordered appellant to pay $275 into the court's registry by the twentieth day of each succeeding month. After the dismissal of his premature appeal (*Wall v. T. J. B. Services, Inc.,* 141 Ga. App. 437 (233 SE2d 810) (1977)), appellant moved to dismiss the action because the amount in controversy exceeded the justice of the peace court's subject matter jurisdiction. On December 13, 1977, the superior court entered an order reading, in part, as follows: "The defendant did in fact pay into the Court the sum of $1060.00 and then appealed said order to the Court of Appeals of Georgia, which Court dismissed said appeal and refused a hearing.

"The records indicate that the defendant did not pay unto the Court the sum of $275.00 per month as ordered and has now became [sic] in arrears, in an amount of more than $3000.00 and has removed his possessions from the premises of the Plaintiff.

"The defendant has now filed a motion contending this Court does not have jurisdiction to hear the suit for money, [sic] judgment as a case arising from the Justice Court.

"It is therefore considered, ordered and adjudged that the motion filed by the defendant alleging that this Court does not have jurisdiction to hear the suit for the balance of the rent is hereby sustained; however it is further ordered that since the sum of $1080.00 [sic] was paid unto this Court under a valid order under the dispassary [sic] proceeding and was paid as due rent, and was paid as one of the provisions to remain in said premises, the Clerk, Houston Superior Court is hereby directed to pay over to the Plaintiffs through their Attorney of Record the sum of $1060.00 now in the registery [sic] of the Court and shall assess any remaining Court cost to the defendant." Appellant had in fact moved from the leased property prior to the entry of the court's order, and thus the issue of possession was not before the court.

We disagree with appellant's allegation that the trial

court lacked jurisdiction to order the $1,060 to be paid to appellee. Contrary to appellant's contention, the trial court's order, quoted above, dismissed the case only insofar as the "balance of the rent," not the $1,060 was concerned.[1] Under Code § 24-2615 the trial court had subject matter jurisdiction over the lawsuit insofar as the $1,060 was involved, and, under the authority of *Lopez v. Dlearo,* supra, the fact that the justice of the peace court lacked subject matter jurisdiction did not divest the trial court of its jurisdiction. The appeal is meritless.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED APRIL 4, 1978 — DECIDED SEPTEMBER 7, 1978 — REHEARING DENIED OCTOBER 5, 1978 —

*Thomas H. Wall, III,* for appellant.
*Nixon & Nixon, John P. Nixon,* for appellee.

---

[1]The question of the propriety of that dismissal is not now before us.