## 57499. DENSON v. HOUSING AUTHORITY OF TIFTON.

Sмiтн, Judge.

The court below erroneously tried the case and entered judgment while appellant was in default and prior to the time within which appellant possessed the right to answer and to open the default. We therefore reverse.

Appellee-landlord served appellant-tenant with a dispossessory warrant, the summons accompanying which required him to answer by October 10, 1978. On that date appellant appeared at the trial court in person and without legal counsel. Without endorsing anything upon the warrant, the court, on October 10, held a hearing and heard testimony, after which it awarded to appellant an amount of rent along with possession of the contested premises.

1. In this case the absence of any answer endorsed on the warrant conclusively shows that appellant did not answer orally. See Code § 61-302 (b). From the record it is uncontradictable that appellant did not file a written answer, and the fact that the court held a hearing did not here remedy the lack of the requisite answer. *Hill v. Hill,* 241 Ga. 218 (244 SE2d 862) (1978). "The tenant *was* in default because he failed to answer either orally or in writing either at or before the date for answer set in the summons. Code Ann. §§ 61-302 (b) and 61-303. His personal appearance before the court was not an 'answer' within the meaning of those sections nor did it waive his right to open the default in accordance with Code Ann. § 61-303." Id., p. 219. Thus appellant was in default on October 10 and had the right to "reopen the default as a matter of right by making an answer within seven days after the date of the default." Code § 61-303.

"The purpose of the General Assembly in enacting Code Ann. §§ 61-302 (b) and 61-303 was to give tenants who are unrepresented by counsel and who are unschooled in the law an opportunity to state their defenses orally to the court as best they can and to have the substance of their defenses endorsed on the dispossessory warrant, thereby making a record upon

which the case may proceed in the trial and appellate courts. To effectuate this intent, the trial court is required to endorse, or to have endorsed in his behalf by court personnel subject to his supervision, the response or responses of the tenant making an oral answer whether or not those responses constitute legal defenses to the warrant. The tenant thereby has an answer on the record which later could be amended." *Hill,* supra, p. 219.

2. Because of our reversal for the reason stated in Division 1, we need not deal with the remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 13, 1979 — DECIDED JUNE 13, 1979 — REHEARING DENIED JUNE 28, 1979 — 

*Fred L. Cavalli,* for appellant.
*Crosby & Kelley, David J. Kelley,* for appellee.