## 58856. LAMB v. SIMS.

SOGNIER, Judge.

Sims, a justice of the peace, issued a writ of possession to the Housing Authority of the City of Vidalia on the basis that Lamb had failed to file an answer to the Housing Authority's action. Sims' actions were reversed by this court. *Lamb v. Housing Authority of Vidalia,* 146 Ga. App. 786 (247 SE2d 597) (1978). Thereafter, Lamb filed the instant suit for damages against Sims alleging that she acted maliciously and violated Lamb's constitutional rights to due process of law. Sims made a motion for summary judgment on the ground that she had judicial immunity in this case as she acted in good faith in issuing the writ of possession, believing that Lamb had not filed a proper answer to the request for a writ of possession.

In response to the motion for summary judgment, Lamb filed an affidavit of her attorney which stated that an answer was filed on time to the suit for a writ of possession; that he had spoken personally to Sims the day the answer was due, and was informed that the answer had been received at approximately 1:30 p.m. of the last day to file an answer; that Sims went ahead and held the hearing, although she had been advised she had no jurisdiction to try a contested dispossessory case; and that Sims signed the writ of possession ex parte and without notice.

The issue in this case is whether Sims acted within her jurisdiction in entering a default judgment against Lamb. When a tenant fails to pay rent when it is due, the owner of the property so rented may go before any justice of the peace and make oath to the facts. Code Ann. § 61-301. The justice of the peace is then required to grant and issue a summons to be served personally on the tenant. Code Ann. § 61-302. If the tenant fails to answer within seven days, the matter is in default, but the tenant may reopen the default, as a matter of right, by making an answer within seven days after the date of the default. If the tenant fails to answer or open the default, the court shall issue a writ of possession. Code Ann. § 61-303.

It is clear from the cited provisions of the Code that a

justice of the peace can issue a summons, enter a default and allow the default to be opened. If the dispossessory proceedings are contested, the justice of the peace must transfer the trial of the issue to a court of record. *Lopez v. Dlearo,* 232 Ga. 339, 342 (206 SE2d 454 (1974). If the proceedings are not contested, a justice of the peace may issue a writ of possession. Code Ann. § 61-303. In the instant case, Lamb did not file an answer within seven days and the case went into default. Assuming that Lamb filed an answer to open the default on the seventh day thereafter, Sims believed the answer was not properly filed, as it was unsigned. Thus, Sims issued a writ of possession pursuant to Code Ann. § 61-303.

It is apparent that Sims erred in determining that Lamb's answer was not filed properly and the case was therefore in default. Sims' erroneous judgment was obviously a mistake of law, for she was deciding an issue of law, i.e., whether an answer had been filed properly within the time allowed. Accordingly, Sims was acting within her jurisdiction at the time the default was entered, as she was not deciding a contested case. To hold otherwise would cause our judicial system to deteriorate to a sad state, for every mistake of law would subject the trial judge to civil liability. Errors are inherent in every judicial system; hence, the very need for appellate courts. Appellant concedes that justices of the peace enjoy judicial immunity when acting within their jurisdiction. Since we hold that Sims was acting within her jurisdiction, she is immune from prosecution. *Peacock v. Nat. Bank &c. of Columbus,* 241 Ga. 280 (244 SE2d 816) (1978); *West End Warehouses v. Dunlap,* 141 Ga. App. 333 (233 SE2d 284) (1977). This is true even if Sims acted maliciously. Pierson v. Ray, 386 U. S. 547, 554 (87 SC 1213, 18 LE2d 288) (1967); *Smith v. Hancock,* 150 Ga. App. 80 (256 SE2d 627) (1979). Finally, we note that the trial judge is presumed to have performed his official duty and not to have exceeded his authority, *Steele v. Steele,* 203 Ga. 505, 508 (46 SE2d 924) (1948), and that he did so in a lawful manner, *Williams v. State,* 126 Ga. App. 302, 305 (190 SE2d 807) (1972). As the doctrine of judicial immunity was a bar to the action against Sims, the trial court was correct in granting her motion for summary

judgment.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED FEBRUARY 21, 1980 —

*Brian Rogal, Rose E. Firestein,* for appellant.
*B. P. Jackson, Jr.,* for appellee.