## 37248. RUCKER v. FULLER et al.

CLARKE, Justice.

Appellant Rucker brought this action on behalf of himself and all others similarly situated seeking a writ of mandamus, a writ of prohibition and injunctive relief against Fuller individually and in his capacity as justice of the peace. Appellant sought relief which would prohibit Fuller from retaining jurisdiction over a contested dispossessory action and which would prevent Fuller's issuing dispossessory warrants in contested dispossessory actions. Watson, the Clerk of the Superior Court of Hall County, was allowed to intervene as a party defendant. This appeal is from an order of the superior court denying the relief sought.

Rucker was defendant in a dispossessory case filed in the justice of the peace court. The case went into default. Rucker's attorney tendered a written answer to Fuller in order to open the default. Code Ann. § 61-303 provides that default may be opened as a matter of right by an answer within seven days after the date of the default. This same section provides that "[i]f the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record." Notwithstanding the provision of the Code in regard to a trial of the issues in a court of record, the Clerk of the Superior Court of Hall County refused to docket the case inasmuch as Rucker had tendered neither costs nor a pauper's affidavit. The clerk having refused to docket the case, the justice of the peace resumed possession of the case. The present action was filed by Rucker in an attempt to enjoin the justice of the peace from maintaining jurisdiction over the case and issuing a dispossessory warrant.

Construing together the statute governing the trial of the issues in contested dispossessory proceedings, Code Ann. § 61-303, and those statutes which provide that superior court clerks are not required to file actions until requisite fees are paid or a pauper's

affidavit filed, Code Ann. §§ 24-2727, 24-3406, the trial court concluded that the fees must be paid, or an affidavit must be filed before the case could be docketed in the superior court. Further, the court found that inasmuch as the landlord had paid a filing fee in the justice of the peace court, it would be unjust to require that he pay costs twice in order to adjudicate his claim.

Code Ann. § 61-301 provides that dispossessory proceedings are begun by the swearing out of an affidavit to the judge of the superior court or to any justice of the peace. If the tenant fails to answer or to open the default as provided by statute, the court issues a writ of possession. However, if the tenant answers, a trial of the issues is had in a court of record. Code Ann. § 61-303. It is clear that once the tenant answers, the justice of the peace loses jurisdiction of the matter. *Lopez v. Dlearo,* 232 Ga. 339 (206 SE2d 454) (1974); *Lamb v. Housing Auth. of Vidalia,* 146 Ga. App. 786 (247 SE2d 597) (1978). It is also clear that what constitutes an "answer" in a dispossessory action is to be liberally construed. An oral answer is sufficient to open a default. Code Ann. §§ 61-302 (b), 61-303. *Hill v. Hill,* 241 Ga. 218 (244 SE2d 862) (1978). The unanswered question is who must pay the advance costs in the superior court in order for the case to be properly docketed in that court?

In considering the question of costs, the court below viewed the matter as a removal or appeal of a case from one court to another and considered the tenant as occupying the position of a movant. Considered in this manner, it was perhaps logical for the court to find that the tenant must be responsible for the cost of the removal.

It is well then for us to first determine just what the transfer of the case from the justice court to the superior court is not. It is not an appeal from a lower court to a reviewing tribunal because there has been no judicial determination to be reviewed. It is not a removal of the cause from one court competent to try the issue to another court with like competency because the justice of the peace court has no jurisdiction to adjudicate a contested dispossessory proceeding. The transfer which takes place in this instance is in fact a procedure required by law when there are issues to be decided in the case. The transfer is not initiated by the tenant; rather, the tenant has merely answered the complaint and formed issues which, according to the statute, must be tried in another court. Therefore, the transfer takes place by operation of the law. If the trial court's order is allowed to stand, the defendant will be forced to pay advance costs for the privilege of answering a complaint. This would mean the defendant could not defend an action against himself without paying advance costs. This cannot be the law. The trial court has found it unfair for the landlord to pay costs twice in order to have his claim adjudicated.

This reasoning overlooks the fact that the landlord can initially file his action in a court of record. The landlord has a choice of courts in which to file, but the tenant has none. In addition there is a distinction between the costs charged by the justice of the peace court and the superior court. This is true because the costs charged by the justice court is for the issuance of the warrant and the possible issuance of a writ of possession in the event of no answer. On the other hand, the superior court costs arise in dispossessory proceedings just as they do in any other proceeding. If the landlord chooses to economize by filing in the justice court, he does so with the risk that the tenant will answer, causing the justice court to lose jurisdiction.

We hold that where a tenant answers a dispossessory affidavit either orally or in writing within the time prescribed by law or within the time during which he may open a default as of right, the justice of the peace loses jurisdiction over the dispossessory matter. The tenant having answered, and the issue being joined, the case must be transmitted to the clerk of the superior court along with any fees required by law for filing in superior court. The payment of advance costs and fees required by law shall be the responsibility of the plaintiff in the dispossessory action. When a dispossessory case is transmitted to the superior court unaccompanied by required advance costs or a proper pauper's affidavit, the clerk shall not be required to docket such case. In the event that the case is not docketed because of failure to pay costs or present a pauper's affidavit, the case must be dismissed for want of prosecution.

Appellant's second enumeration of error concerns a matter which was not ruled upon by the trial court. Therefore, this enumeration is not properly before this court.

*Judgment reversed. All the Justices concur, except Jordan, C. J., and Smith, J., who concur in the judgment only.*

DECIDED APRIL 8, 1981.

*Cliff L. Jolliff, Michael A. Mogill, Eric G. Kocher, Ayres M. Gardner, William J. Cobb, John L. Cromartie,* for appellant.
*Jack Carey, Richard Storey, Julius M. Hulsey,* for appellees.