## 64331. YOUNG v. HINTON.

BIRDSONG, Judge.

This is an appeal from the superior court's grant of summary judgment to Hinton, who was plaintiff in a dispossessory proceeding against appellant Young.

Hinton is the child of one deceased Eva Mae Kollock, and is her executor; Young is the child of the deceased Walter Kollock, husband of Eva Mae. The record shows without dispute that Eva Mae Kollock is named in a deed, as sole owner, of certain residential property which previously belong to her mother and siblings. By her will she devised a life estate in the real property to her husband Walter Kollock, "at his death . . . to be sold by my executors and one-half of the net proceeds thereof shall be divided equally among "my" children . . . and one half of said net proceeds shall be divided equally among my husband's children." She devised the household furnishings to Walter Kollock and at his death to her own children. After his wife's death, Kollock lived in the house with his daughter, appellant Young, until his death. He executed a will whereby he left all his property, real and personal, to appellant Young. A paper in evidence, signed by him, explains in effect that he did so because she was needy and his other children were, to his knowledge, not so needy. After Walter Kollock died, Eva Mae Kollock's executor, appellee Hinton, formally requested appellant Young to vacate the premises so they could be sold and the furnishings disposed of according to Eva Mae Kollock's will. Appellant refused. Hinton brought a dispossessory proceeding before the justice of the peace, which appellant contested and therefore challenged the justice of the peace's jurisdiction to entertain the proceedings. The justice of the peace decided the case anyway, in Hinton's favor. Appellant appealed to the superior court, and moved to have the justice of the peace's decision dismissed for lack of jurisdiction. Instead, the superior court by order vacated the justice of the peace's order for lack of jurisdiction in a contested dispossessory action, and removed the case to the superior court for proceeding on the merits, and subsequently granted summary judgment to Hinton. *Held:*

1. Appellant Young contends the superior court did not have jurisdiction to determine the merits of the case, but only received the case on appeal from the justice of the peace court, which had had no jurisdiction of the cause, and hence was empowered only to strike the case from the superior court docket, according to *Austell v. City of Atlanta,* 100 Ga. 182, 186 (27 SE 983). This contention is without merit. Code Ann. § 61-303 requires the determination of a contested dispossessory action to be had in accordance with the statute in a

court of record, and "[e]very effort shall be made by the trial court to expedite a trial of the issues." The justice of the peace court has jurisdiction of the original dispossessory action (Code Ann. § 61-301) until and unless the case is contested, whereat the cause must be determined in a court of record; and there is no way to get the case there without transferring it, as the legislature obviously intended. The justice of the peace court was not without jurisdiction of the subject matter and the cause was not "dead" in that lower tribunal, as was the case in *Austell,* supra, but was still pending; the justice of the peace simply had no jurisdiction to hear the merits, and its doing so was a nullity. This is why the Supreme Court in *Lopez v. Dlearo,* 232 Ga. 339, 342 (206 SE2d 454) directed that the superior court in that case require the contested dispossessory proceeding pending in the justice of the peace court to be transmitted to a court of record for trial; the superior court in the case sub judice did exactly that and was correct. *Rucker v. Fuller,* 247 Ga. 423 (276 SE2d 600).

2. For the same reasons, we deny the appellee Hinton's motion to dismiss this appeal, by which he argues that the appearance of the cause in superior court was de novo, and under Code Ann. § 6-701.1 (a) (1), appellant could not appeal to this court except by first filing an application in this court for discretionary appeal. The removal of the cause from the justice court to the superior court was not a de novo review or appeal of the justice of the peace's ruling. Appellant's attempt to "appeal" to the superior court was illusory, except insofar as it did function to get the cause removed to the superior court.

3. The superior court did not err in granting summary judgment to the appellee. The evidence shows clearly and without dispute that Eva Mae Kollock was the record owner of the subject property and that Walter Kollock had only a life estate, at the termination of which the property was to be sold. He had no power to devise this property to anyone. The only possible issue of dispute of this fact is made by appellant in her affidavit opposing summary judgment, wherein she merely asserts that "Walter Kollock purchased the property in question and was the owner of said premises." Appellant contends this raises the issue of whether Walter Kollock was owner of the property through beneficial trust under Code Ann. § 108-106 (1). The bare assertion, however, that Walter Kollock "purchased the property and was the owner" does not set forth any specific facts showing that there is a genuine issue for trial, where the appellee had prima facie established that he was entitled to possession. Code Ann. § 81A-156 (e). Moreover, if Walter Kollock had in fact "purchased the property" by providing purchase money, it is presumed that he did so as a gift to Eva Mae Pollock. Code Ann. § 108-116. There is no evidence in this record that would rebut this presumption and show

an intention to create a beneficial trust, as in the case of *Epps v. Wood,* 243 Ga. 835 (257 SE2d 259). If appellant had any evidence at all to support her allegation that Walter Kollock purchased the property and was the owner, and further that Kollock did not do so as a gift to his wife but intended to create a beneficial trust, appellant was obliged to show it when the appellee established his prima facie case. The trial court was correct in granting summary judgment to the appellee.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 10, 1982 —
REHEARING DENIED OCTOBER 4, 1982 — 

*Alan Michael Foody,* for appellant.
*W. Emory Walters, W. Edward Meeks, Jr.,* for appellee.