## 66868. JONES v. COOKE.

POPE, Judge.

On August 27, 1982 appellee brought this action in justice of the peace court seeking a judgment against appellant dispossessing him (a tenant at will) of certain premises in addition to past rents in the amount of $370 plus court costs. Appellant was personally served on the same day. On September 10, 1982 appellant's wife filed an "answer" denying that she owed any past rent. There is nothing in the record of this case which shows that Mrs. Jones is a party to this action or that appellant himself filed any answer to the complaint. Nor is there any evidence to show that Mrs. Jones' appearance in this matter was as agent for appellant, her husband. Cf. *Pike v. Stallings,* 71 Ga. 860 (4) (1883). Nevertheless, the justice of the peace court treated the "answer" filed by Mrs. Jones as an answer filed by appellant and transferred this case to the State Court of DeKalb County on September 10. On October 4, 1982 the state court entered a judgment in favor of appellee in the amount of $901.50 plus court costs and issued a writ of dispossession ordering appellant removed from the subject premises. On March 4, 1983 appellant filed an extraordinary motion for new trial. It is from the denial of this motion for new trial that appellant brings the instant appeal.

1. Because appellee has failed to file a brief with this court, we will accept appellant's statement of the case as prima facie true and decide the case on the basis of this statement and the evidence cited and quoted in support thereof. *Cincinnati &c. R. Co. v. Hilley,* 121 Ga. App. 196 (1) (173 SE2d 242) (1970); see *Colson v. State,* 138 Ga. App. 366 (1) (226 SE2d 154) (1976).

2. In support of his extraordinary motion for new trial appellant submitted an affidavit in which he averred that he filed no answer in this case. He stated that he was not present at the October 4, 1982 trial of this matter in state court because he assumed that judgment would be entered against him in the amount prayed for, i.e., $370 plus costs; he asserts that he already had vacated the subject premises prior to October 4. Appellant contends that he received no notice of the $901.50 judgment against him until garnishment proceedings were begun in January 1983.

Since appellant filed no answer during the pendency of this matter below, the case was in default. See OCGA § 44-7-53 (a) (Code Ann. § 61-303). Appellee was thus entitled to a verdict and judgment by default for all rents due as if every item and paragraph of his affidavit were supported by proper evidence. OCGA § 44-7-53 (a) (Code Ann. § 61-303). A default judgment, however, may not exceed the amount prayed for. OCGA § 9-11-54 (c)(1) (Code Ann. §

81A-154). To the extent that a judgment by default exceeds the amount prayed for, it is a nullity. *Orkin Exterminating Co. v. Townsend,* 136 Ga. App. 50 (2) (220 SE2d 14) (1975); see *Dempsey v. Ellington,* 125 Ga. App. 707 (2) (188 SE2d 908) (1972).

On the basis of the record in this case and the authority cited above, it is clear that appellant had both an excuse for delay in filing his motion for new trial so as to authorize the trial court to entertain and hear such motion (see generally in this regard OCGA § 5-5-41 (a) (Code Ann. § 70-303)) and also a sufficient ground to set aside the verdict and judgment. Cf. *Union Life Ins. Co. v. Aaronson,* 109 Ga. App. 384 (3) (136 SE2d 142) (1964). Accordingly, the trial court abused its discretion in denying appellant's extraordinary motion for new trial.

3. Since the record affirmatively discloses that appellant never filed an answer to the subject dispossessory proceeding in the justice of the peace court, that court retained jurisdiction over this case. See OCGA §§ 44-7-51 and 44-7-53 (Code Ann. §§ 61-302, 61-303). See also *Young v. Hinton,* 163 Ga. App. 692 (1) (295 SE2d 150) (1982). It follows that the justice of the peace court's attempt to transfer this case is without foundation in law. Therefore, the judgment of the State Court of DeKalb County is reversed with direction that its judgment entered in this case on October 4, 1982 be vacated and this case remanded to the justice of the peace court (or its successor) with direction that judgment by default in the amount of $370 plus costs be entered in favor of appellee.

*Judgment reversed with direction. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 16, 1984.

*Deborah S. Kitay,* for appellant.
Don Cooke, pro se.