## 67462. 404 MUSIC GROUP et al. v. BASS.

POPE, Judge.

Appellee Lee R. Bass sought a writ of possession against Keith Dressel and Ron Stanley for certain commercial premises located on Cherokee Road in Smyrna, Georgia. Service was had on Dressel and Stanley on March 17, 1983 by tacking and mailing a copy of the summons and affidavit pursuant to OCGA § 44-7-51(a). Dressel and Stanley were directed to file an answer within seven days of the date of service. A writ of possession was subsequently issued on March 25. Also on March 25 an "answer" to this action was filed by appellant 404 Music Group, a partnership presently composed of Stanley and William Don Bryan, Jr.; formerly consisting of Stanley, Bryan and Dressel. On March 29 the partnership filed a motion to set aside the writ of possession. The partnership brings this appeal from the trial court's denial of its motion to set aside.

1. The partnership essentially raises two issues on appeal, the first of which is its contention that it, and not the two individuals named in the writ of possession, was the proper party defendant in this action. We do not reach the merits of this contention, however, because although the partnership "answered" the complaint, there is nothing in the record showing that the partnership was either a named party to this action or moved to intervene. See OCGA § 9-11-24(c). The cause of action was instituted against two individuals, Dressel and Stanley, and not against the partnership. Neither of the two individuals filed an answer in this case. Therefore, the case was in default and the writ of possession against the two named individuals was properly issued. Cf. *Jones v. Cooke*, 169 Ga. App. 516 (313 SE2d 773) (1984).[1]

2. The gravamen of the partnership's remaining issue on appeal, made in support of its motion to set aside, is that service upon it was insufficient. This argument is off the mark. Since the partnership was not a party defendant to this case, no service of process was required to be made upon it. See OCGA § 9-11-4. There is no challenge here to the sufficiency of the service made on the two individuals, Dressel and Stanley.

The trial court did not err in denying the partnership's motion to set aside for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

---

[1] Although Dressel and Stanley are bound personally by the judgment in favor of appellee Bass, that judgment is not conclusive upon the partnership. *Pate v. Wyly & Co.*, 118 Ga. 262 (1) (45 SE 217) (1903).

DECIDED MARCH 5, 1984.

James B. Crew, Jr., for appellants.
J. Stephen Manko, for appellee.