71559. HENRY v. WILD PINES APARTMENTS.
(340 SE2d 233)

SOGNIER, Judge.

Wild Pines Apartments brought this dispossessory action against Carolyn Henry. The trial court granted Wild Pines Apartments' motion to dismiss Henry's answer and Henry appeals.

Appellant contends the trial court erred by dismissing her answer pursuant to OCGA § 9-10-111 because it was unverified. Appellant argues and we agree that an *answer* to a dispossessory complaint need not be verified. Under OCGA § 44-7-50, a dispossessory warrant must be verified by affidavit and appellee accordingly verified its warrant in this case. Although OCGA § 9-10-111 provides that "[i]n all cases where the plaintiff files a pleading with an affidavit attached to the effect that the facts stated in the pleading are true to the best of his knowledge and belief, the defendant shall in like manner verify any answer." OCGA § 9-11-11 provides, in part: "(b) Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Further, OCGA § 44-7-51 (b), which relates to a defendant's answer in a dispossessory proceeding, states, in part: "The summons served on the defendant . . . shall command and require the tenant to answer either orally or in writing. . . . If the answer is oral, the substance thereof shall be endorsed on the dispossessory affidavit." "It is also clear that what constitutes an 'answer' in a dispossessory action is to be liberally construed." *Rucker v. Fuller*, 247 Ga. 423, 424 (276 SE2d 600) (1981). See also *Lamb v. Housing Auth.*, 146 Ga. App. 786, 788 (2) (247 SE2d 597) (1978) (holding that an unsigned written answer to a dispossessory warrant is sufficient to create a contested dispossessory proceeding).

"For purposes of interpretation, and to the extent of any repugnancy between them, the specific statute will prevail over the general statute, absent any indication of a contrary legislative intent. [Cit.] Further, [OCGA § 44-7-51 (b)] was the last enacted statute, and 'it is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it . . .' [Cits.] Hence, as the legislature was aware of the prior general statute requiring answers to be verified if the complaint was verified, and had in this instance required a plaintiff's petition to be verified but authorized the [tenant's] answer to be legally sufficient in the unverified form, we find the statutes may be reconciled by giving recognition to the last stated statute. . . ." *First Nat. Bank v. Sinkler*, 170 Ga. App. 668, 670 (1)

(317 SE2d 897) (1984).

Therefore, the trial court erred by granting appellee's motion to dismiss and entering judgment by default against appellant. Under this holding it is unnecessary for us to reach appellant's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 24, 1986.

*W. E. Lockette, Gregory W. Edwards, Johnnie M. Graham,* for appellant.

*Henry E. Williams,* for appellee.