## A89A2177. NAPPER et al. v. NATIONAL MORTGAGE GROUP, INC.
(390 SE2d 70)

SOGNIER, Judge.

National Mortgage Group, Inc. instituted dispossessory proceedings against Redell and Debra Napper in the State Court of DeKalb County, alleging that they had failed to pay rent due on leased property. The Nappers answered pro se, and the case proceeded to trial. The trial court found, after hearing evidence, that the Nappers had broken the conditions of the lease by failing to make the May and June 1989 rent payments, and ordered that they pay the landlord $1,088.36 by June 7, 1989, and that a writ of possession issue on June 17, 1989 if the Nappers had not vacated the premises by then. The order also provided that if the Nappers desired to appeal, they must deposit into the registry of the court the amount owed, as well as rent for each succeeding month as it accrued pending the outcome of the appeal. The Nappers deposited the amount owed and filed this appeal.

1. Relying on *Young v. Hinton*, 163 Ga. App. 692 (1) (295 SE2d 150) (1982) and *Rucker v. Fuller*, 247 Ga. 423 (276 SE2d 600) (1981), appellants contend the trial court erred by failing to transfer the case to superior court, as the State Court of DeKalb County did not have jurisdiction to adjudicate the merits of the case. There is no merit in this contention. *Young* and *Rucker* are clearly inapplicable in the case sub judice, as those cases concerned the procedure to be followed in contested dispossessory cases filed in justice of the peace courts, which had no jurisdiction to entertain contested dispossessory actions. Justice of the peace courts are no longer in existence. See Ga. Const., Art. VI, Sec. X, Par. I (6). The State Court of DeKalb County is a "court of record," see OCGA § 15-7-41, and thus is authorized to adjudicate a contested dispossessory action. OCGA § 44-7-53 (b).

2. Appellants also maintain the trial court erred by treating this action as a dispossessory proceeding because they were put in possession of the premises as purchasers and not as tenants. We do not agree. Although appellants append to their brief a copy of the "Lease Agreement/Option To Purchase," that document is not a part of the record, which shows only that appellants answered the dispossessory alleging reasons for their failure to make their "monthly lease payment." It is well established that " '[w]e cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court.' [Cit.]" *Johnson v. Shield Ins. Co.*, 189 Ga. App. 333, 334 (375 SE2d 510) (1988).

Moreover, even were we to consider that document, its terms indicate that appellants were to pay "rent" each month until and unless they properly exercised an option to purchase. As that event had not

yet taken place appellants must still be viewed as tenants. *Griffeth v. Wilmore*, 46 Ga. App. 96 (166 SE 673) (1932), cited by appellants, is factually distinguishable from the case sub judice in that in *Griffeth* the person sought to be evicted had taken possession under a contract for purchase, making a down payment and applying the rest of the purchase price in installments. Under the facts presented here, the trial court did not err by treating this as a dispossessory action. See generally *Spooner v. Shelfer*, 152 Ga. 190, 192-193 (108 SE 773) (1921).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 2, 1990.

*Lawrence E. Diamond*, for appellants.
*Matthias Naughton*, for appellee.