A89A2031. BREAD OF LIFE BAPTIST CHURCH et al.
v. PRICE et al.
(392 SE2d 15)

BIRDSONG, Judge.

The sole issue in this appeal is whether the State Court of DeKalb County "erred in denying [a]ppellants' motion to transfer a contested dispossessory action from the [s]tate [c]ourt . . . while a suit concerning the issue of title to the subject property was pending in the [s]uperior [c]ourt." *Held*:

In this record there is no evidence of any *prior* pending action in superior court regarding title to the property such that the superior court would have exclusive jurisdiction in this case. See OCGA § 44-2-60. There is no evidence whatever in the record that appellant Bread of Life Baptist Church and its members own the subject property, or have any claim to ownership. The record shows only that appellee owners filed a dispossessory action, seeking more than $5,400 in rent, and that on May 10, 1989, appellant church filed an answer to the warrant, stating only: "Defendant is the owner of the subject property and not a tenant and is not subject to a dispossessory warrant." At the hearing on the dispossessory warrant, appellant Bread of Life Baptist Church, filed a handwritten motion to transfer to superior court stating only that appellants have challenged plaintiffs' title to the subject property, and had filed an action in superior court seeking to resolve the issue of title, and hence the state court had no jurisdiction in the matter. There is no evidence appellant church and members own the property. Appellants have only *asserted* they own the property; we cannot consider assertions in appellants' brief, unsupported in the record, that they had an "oral option" to purchase. *In re Holly*, 188 Ga. App. 202 (372 SE2d 479); see *Turner v. Watson*, 139 Ga. App. 648 (229 SE2d 126). In any case, all agreements for the sale of land are required by the statute of frauds to be in writing. OCGA § 13-5-30 (4).

While producing no evidence of ownership to avert the dispossessory action of another, appellants only sought to avoid a hearing on the dispossessory matter in the proper court by asserting they had filed an action alleging ownership, in another court. Nothing in this record shows there is an actual dispute as to ownership, nor indeed that there was another prior pending action in a court with prior jurisdiction.

The defense of lack of landlord-tenant relationship is a proper defense to a dispossessory action; if the defendant so answers, a trial

of the issues raised shall be had in a civil court of record. OCGA § 44-7-53; *Lopez v. Dlearo*, 232 Ga. 339 (206 SE2d 454); *Lamb v. Sims*, 153 Ga. App. 556 (265 SE2d 879); see *Rucker v. Fuller*, 247 Ga. 423 (276 SE2d 600). There is no dispute that the DeKalb State Court is a civil court of record; a trial before the judge was held. Evidently no evidence was proved of the lack of a landlord-tenant relationship in this case, and evidently no evidence was shown below justifying a challenge to the ownership of the land so as to put the case in the exclusive jurisdiction of the superior court pursuant to OCGA § 44-2-60, and authorize a transfer. There is no transcript of the proceedings below; we therefore must presume the proceedings were regular and the evidence supported the verdict. *Campbell v. Crumpton*, 173 Ga. App. 488 (2) (326 SE2d 845); see *Williamson v. Williams*, 156 Ga. App. 154 (274 SE2d 136). There is nothing in the record to support a conclusion that the dispossessory judgment was incorrect, or that the title to the property was in legal question such as to require transfer of the case to the superior court.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 16, 1990 —
REHEARING DENIED MARCH 5, 1990.

*Giddens, Davidson, Mitchell & Eaton, Earl A. Davidson*, for appellants.

*Lynch & Powell, Gene E. Massafra*, for appellees.