CAROLYN M. CARDWELL AND THOMAS V. CARDWELL, PETITIONERS v. THE TOWN OF MADISON BOARD OF ADJUSTMENT, RESPONDENT

No. 9017SC401

(Filed 16 April 1991)

1. **Municipal Corporations § 30.8 (NCI3d) — definition of building — use of building code definition**

The record supports the trial court's conclusion that the Board of Adjustment relied on the state building code definition of building when interpreting a zoning ordinance to decide whether a warehouse divided by a fire wall was one or two

CARDWELL v. TOWN OF MADISON BD. OF ADJUSTMENT

[102 N.C. App. 546 (1991)]

buildings where the zoning enforcement officer testified at the public hearing that his decision was based on the state building code, twice replied when asked that it was customary and correct to use definitions from the state building code to interpret local zoning ordinances, the board chairman summarized the contentions of the zoning officer at the end of the hearing and specifically referred to the state building code but did not mention the definition of building in the town zoning ordinance, the motion to uphold the zoning officer's decision referred to the existence of a fire wall, which is not mentioned in the town zoning ordinance but is mentioned in the state building code, and the Board in its order made only a finding to uphold the decision of the zoning officer based on the existence of the fire wall and did not make any findings with regard to the definition of building in the zoning ordinance.

**Am Jur 2d, Buildings §§ 1, 18-21; Zoning and Planning §§ 1, 66, 121.**

2. **Municipal Corporations § 30.8 (NCI3d)— definition of building— use of State building code—erroneous**

The trial court's findings of fact support its conclusion that the Board of Adjustment erroneously based a decision on the building code definition of "building" where the town zoning ordinance defines that term. The principle that a statutory definition controls the interpretation of that statute applies to construing a zoning ordinance; moreover, nothing in the record indicates that the town zoning ordinance explicitly adopts the state building code by reference.

**Am Jur 2d, Buildings § 1; Zoning and Planning §§ 1, 66.**

APPEAL by respondent from judgment entered 17 January 1990 by *Judge Melzer A. Morgan, Jr.* in ROCKINGHAM County Superior Court. Heard in the Court of Appeals 27 November 1990.

This case concerns a zoning enforcement officer's decision regarding permissible uses of petitioners' warehouse located at 407 Academy Street in Madison. The warehouse was built in the 1940's. Approximately three years after it was built, a tenant added a fire wall that divides the building into two sections which are referred to as the east side and the west side. The warehouse is in a neighborhood zoned for residential use. Commercial storage

is permitted in this warehouse as a nonconforming use under the town's zoning ordinance. The zoning ordinance also provides:

> *Discontinuance of Use.* If a non-conforming building is removed or the non-conforming use of such building is discontinued for a continuous period of more than one hundred and eighty (180) days, every future use of such building or land shall be in conformity with the provisions of this ordinance.

On 9 August 1989 the Town of Madison's zoning enforcement officer notified petitioners that he had determined that the warehouse was actually two buildings because of the fire wall. He testified that he based his decision on Section 402.1(b) of the state building code. That section provides: "For the purposes of this Code, each part of a building or structure included within fire walls shall be considered a separate building." He also determined that since the east side of the building had been unoccupied for more than 180 days, petitioners could no longer use that side of the building as a warehouse.

Section 42.4 of the town zoning ordinance defines building as "[a]ny structure having a roof supported by columns or by walls, and intended for shelter, housing or enclosure of persons, animals, or chattel." The town zoning ordinance definition does not mention fire walls.

On 21 August 1989 petitioners appealed the zoning official's ruling to the Town of Madison Board of Adjustment. After a public hearing on the matter, the Board of Adjustment upheld the decision of the zoning enforcement officer. The Rockingham County Superior Court granted petitioners' writ of certiorari and remanded the case to the Board of Adjustment after determining that the Board based its decision on an error of law. The court held that the Board erroneously relied on the definition of "building" in the state building code in making its decision. The Board appeals.

*Stern, Graham & Klepfer, by Jerry R. Everhardt and J. Bradley Purcell, for petitioner-appellees.*

*Wolfe and Collins, P.A., by John G. Wolfe, III and Michael R. Bennett, for the respondent-appellant.*

CARDWELL v. TOWN OF MADISON BD. OF ADJUSTMENT

[102 N.C. App. 546 (1991)]

EAGLES, Judge.

[1]  After a careful review of the record, we conclude that the Town of Madison Board of Adjustment considered the definition of "building" found in the state building code when interpreting its zoning ordinance. We agree with the Superior Court that the Board's decision was based on an error of law. Accordingly, we affirm the judgment of the Superior Court.

In proceedings to review a city's zoning decision, the task of the appellate courts includes "reviewing the record for errors in law" and "insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record." *Coastal Ready-Mix Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980). When reviewing the sufficiency and competency of the evidence to support the action of the town board, the question before us is whether the evidence before the town board was sufficient. The question is not whether the evidence before the Superior Court supported that court's order. *Id.*

Here, the record supports the conclusion that the Board relied on the state building code in making its decision. At the public hearing, the zoning enforcement officer testified that his decision was based on § 402.1(b) of the state building code. He provided each of the board members with a copy of this state building code provision.

During the hearing, one of the Board members asked whether it was "customary practice" to use definitions from the state building code to interpret local zoning ordinances. The zoning enforcement officer replied:

> I'd say probably the majority of the zoning enforcement officers in this state are tied in with the state building code or state Department of Insurance as part of their legal background of going to school. Most of them comes [sic] out of the building inspections field. So, I feel like it's natural to use what resources you have to find an interpretation on the definition of anything.

Near the end of the hearing the same Board member observed that article 4 of the town zoning ordinance defines certain words and terms and provides that terms not otherwise defined "shall have their customary dictionary definition." He also asked again

whether it was customary to use a definition from the state building code to define a word in a local zoning ordinance. The zoning enforcement officer reassured the Board that it was correct to consider the state building code. He said:

> As far as I know, all the building inspectors that I know that deals [sic] with zoning in the same way—in the same situation I'm in will use both of them to determine different things, as far as the definitions go. And I didn't make this decision as being two separate buildings without doing some telephone calling, too. So I've called the County and I've called—also called the Department of Insurance in Raleigh on this.

At the end of the hearing, the Board chairman summarized the contentions of the zoning officer and referred specifically to the state building code. He did not mention the definition of building in the town zoning ordinance. Additionally, when the Board voted on whether to uphold the zoning officer's decision, the motion was phrased as follows: "I hereby will make the motion to uphold the decision of the zoning officer, based on the present existence of a fire wall, the construction thereof effectively and legally creating two buildings." The town zoning ordinance does not mention the term "fire wall." Rather, it is the state building code that provides that "each part of a building or structure included within fire walls shall be considered a separate building."

Similarly, in its order the Board made only a finding to "uphold the decision of the Zoning Officer based on the present existence of a fire wall structure thereof effectively and legally creating two buildings." Nowhere in its order does the Board make any findings with regard to the definition of "building" as defined in the zoning ordinance. We hold that the Board erroneously considered the state building code definition of "building" as the basis for its decision.

[2] Appellant next contends that the evidence and the findings of fact do not support the conclusion that the Board's decision was based on an error of law. We disagree. Here, the town zoning ordinance defines the term "building." When the legislature defines a word used in a statute, "that statutory definition controls the interpretation of that statute." *Pelham Realty Corp. v. Board of Transportation*, 303 N.C. 424, 434, 279 S.E.2d 826, 832 (1981). The same principle applies when construing a zoning ordinance. Additionally, nothing in the record indicates that the town zoning or-

dinance explicitly adopts the state building code by reference. Even if the zoning ordinance did not define "building," we find it unlikely that the state building code's definition of "building" is applicable. The building code concerns construction while the zoning ordinance is directed to land use.

Accordingly, we conclude that the record supports the conclusion that the Town Board erroneously considered the state building code and failed to rely on the town zoning ordinance in deciding to uphold the decision of the zoning enforcement officer. For the reasons stated, the decision of the superior court is affirmed.

Affirmed.

Judges ARNOLD and PARKER concur.